(No. 11408.—Reversed and remanded.)

FRED MESSMER, Plaintiff in Error, *vs.* THE INDUSTRIAL BOARD OF ILLINOIS *et al.*—(MONTIE CRIST, Defendant in Error.)

*Opinion filed February 20, 1918.*

This case is controlled by the decision in *Roszek* v. *Bauerle & Stark Co.* (*ante,* p. 557.)

WRIT OF ERROR to the Circuit Court of Coles county; the Hon. WALTER BREWER, Judge, presiding.

EMERY ANDREWS, and RAYMOND G. REAL, for plaintiff in error.

BRYAN H. TIVNEN, for defendant in error.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

Montie Crist, by William S. Crist, his father and next friend, filed with the Industrial Board of Illinois, on November 11, 1915, a petition for compensation under the Workmen's Compensation law for injuries sustained while employed by the Mattoon Steam Bakery, of which Fred Messmer was the owner, proprietor and manager. On hearing before the arbitration agent under the statute an award was made in the applicant's favor. On petition filed by

plaintiff in error for rehearing before the Industrial Board the finding of the arbitration agent was affirmed and an additional allowance granted. Plaintiff in error thereafter petitioned for a writ of *certiorari* in the circuit court of Coles county, and said writ was issued. Thereafter the circuit court quashed said writ and certified that the cause was one proper to be reviewed by this court, and a writ of error was thereupon sued out from this court to review the proceedings below.

Montie Crist was injured on May 27, 1915, while working in said Mattoon Steam Bakery, when feeding dough to the dough mixer or moulder, by getting his hand crushed between the rollers, so that it was necessary to remove two fingers, leaving the palm somewhat distorted and destroying in a large measure the usefulness of that hand. The boy was fifteen years old July 30, 1915.

Plaintiff in error, Messmer, testified that he did not employ Crist or sanction his employment in the bakery. The foreman, George Buell, testified that some four months before the accident he had hired the boy and paid him thirty-five cents for working one night; that he had not hired him or paid him anything at any other time. Crist testified that he had worked in the bakery every night, except three or four, for several months; that he usually went there after nine o'clock in the evening and stayed until three or four o'clock in the morning; that he had been only paid once by Buell, the foreman, in money, but that he had at other times been paid by the bakery, through the foreman, giving him bread for his work, apparently about two ten-cent loaves of bread and a dozen and a half of cinnamon rolls a day; that when working he wore a pair of white overalls; that he had been called on the 'phone several times at his home to come to work; that on the night he was injured he did not wear his overalls because the foreman called to him to "come on,—go ahead," before he had time to put them on; that while working at the bakery he swept

out, cut buns, wrapped bread, fed the machines, and carried baskets of bread to a freight house and to restaurants.

Plaintiff in error raised several questions, among others that the injury did not arise out of and in the course of the employment; that the employment was casual, and that Montie Crist was not within the provisions of the Workmen's Compensation law because at the time of the injury he was a minor between fourteen and fifteen years of age, who by the statute was prohibited from working at an extra-hazardous business, such as feeding the dough to this mixer, and was also prohibited from working in any establishment between the hours of seven o'clock P. M. and seven o'clock A. M.

Defendant in error was between the ages of fourteen and sixteen years and might be legally employed in this establishment though not to work at the machine by which he was injured, but he could not be legally employed without the permit required by law for minors between the ages of fourteen and sixteen years. As we understand this record no such permit was obtained by Crist, or anyone acting for him, authorizing his employment in plaintiff in error's bakery for any purpose. This being so, on the facts and law this case comes directly within the reasoning and conclusion reached by this court in *Roszek* v. *Bauerle & Stark Co. (ante,* p. 557.) Under the holding in that case defendant in error is not entitled to recover under the Workmen's Compensation act. (See, also, *Hillestad* v. *Industrial Com. of Washington,* 6 Neg. & Comp. Cas. Ann. 763, and cases cited in note.) Therefore it is unnecessary to pass on the other questions raised in the brief.

The judgment of the circuit court will be reversed and the cause remanded for further proceedings in harmony with the views herein expressed.

*Reversed and remanded.*