New Albany Box and Basket Company *v.* Davidson.

[No. 23,481. Filed January 28, 1920.]

Master and Servant.—*Illegal Employment of Minor.—Applicability of Workmen's Compensation Act.*—The employment of a boy fifteen years of age to operate a wood joiner in violation of §8022e Burns 1914, Acts 1911 p. 511, and without the affidavit as to age. required by §§8022, 8038 Burns 1914, Acts 1899 p. 231, being illegal and punishable as a misdemeanor under the statute, is not embraced within the provisions of the Workmen's Compensation Act; and hence the latter act is not a bar to a common-law action for damages for injuries suffered in such employment.

From Floyd Circuit Court; *John M. Paris,* Judge.

Action by Herbert Davidson, by Edgar B. Martin, his next friend, against the New Albany Box and Basket Company. From a judgment for the plaintiff, the defendant appeals. *Affirmed.*

*Charles L. Jewett, Walter V. Bulleit, Henry E. Jewett,* and *William J. Whinery,* for appellant.

*Evan B. Stotsenburg* and *John H. Weathers,* for appellee.

Willoughby, J.—This was an action brought by the appellee, Herbert Davidson, to recover damages for an injury to his right hand, received while employed in the factory of the New Albany Box and Basket Company.

The complaint was in one paragraph. The appellant appeared specially and filed an answer in abatement in two paragraphs, in the form of a plea to the jurisdiction of the Floyd Circuit Court, for the reason that the cause of action set forth in the complaint was covered by the provisions of the Indiana Work-

men's Compensation Act, and therefore the Floyd Circuit Court had no jurisdiction in an action at law.

To each of these pleas appellee filed a demurrer. In support of this demurrer it was claimed that the Floyd Circuit Court had jurisdiction: (a) Because Davidson was unlawfully in the service of the box company; and (b) because the Indiana Workmen's Compensation Act is unconstitutional. The court sustained this demurrer to each paragraph of the answer in abatement, and appellant excepted. The appellant then demurred to the complaint, which demurrer was overruled and appellant excepted. By this demurrer the appellant insisted that upon the facts stated in the complaint the case was one for the Indiana Industrial Board, and that the court had no jurisdiction to try it or award damages. The appellant then filed an answer in two paragraphs. The first was a general denial, and the second set up substantially the same matter which had been pleaded in abatement of the action.

To the second paragraph of this answer appellee filed a demurrer. The court sustained appellee's demurrer to the second paragraph of appellant's answer, and appellant excepted. The cause was tried by a jury on the issue formed by the complaint and general denial thereto, and a verdict returned in favor of appellee for $4,500, and with their general verdict the jury returned answers to interrogatories, which had been submitted by the court. Appellant moved for judgment in its favor on the answers to interrogatories notwithstanding the general verdict, which motion was overruled, and the defendant excepted. Appellant moved for a new trial, and for cause therefor contended that the court erred in giving certain

instructions which recognized appellee's right to bring a common-law action for the injuries sustained by him. This motion was overruled, and defendant excepted.

Judgment was rendered on the verdict in favor of appellee and against appellant, and from such judgment appellant appeals and says that: (1) The court erred in sustaining appellee's demurrer to the first and also the second paragraph of appellant's answer in abatement and plea to the jurisdiction of the court. (2) The court erred in overruling the demurrer of appellant to the complaint of appellee. (3) The court erred in sustaining the demurrer of appellee to the second paragraph of answer of appellant to the complaint of appellee. (4) The court erred in overruling appellant's motion for a new trial.

There is only one question presented in these assignments of error, and that is: Does the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918) confer upon the Industrial Board exclusive jurisdiction in cases involving injuries sustained by a minor under the conditions shown by the facts in this case?

The facts shown by the evidence are: Appellee on July 24, 1917, was fifteen years, one month and seventeen days old, and about five feet and eleven inches high. On that day, without his parents' knowledge or consent, he was employed by the appellant to assist in the operation of a wood joiner or shaper, operated by steam. This boy was employed by the appellant without it first procuring the affidavit of the parent or guardian of the boy required by §8022 Burns 1914, Acts 1899 p. 231, §2. The appellant at the time owned and operated a manufacturing establishment

located in Floyd county, Indiana, at which it manufactured fruit boxes and crates. The machine which the appellee was employed to assist in operating consisted, with other parts, of a sharp knife, over four feet long, which knife operated vertically, and which cut the veneers into proper sizes for use. The appellee started and stopped the knife, and removed from the table the pieces after they were cut into shape by the knife. This boy had been working about one hour when, in some way, the fingers of his right hand came into contact with the knife and were thereby severed.

For the purpose of the case, it may be conceded that the appellant at the time in question was operating under the compensation act. It is not denied, and the record abundantly shows, that the appellee at the time was under sixteen years of age, that the affidavit required by said §8022 Burns 1914, *supra,* was never procured, and it also appears that in violation of §8022e Burns 1914, Acts 1911 p. 511, §5, the appellee was employed to assist in the operation of a wood joiner or shaper, which was a dangerous machine operated by steam.

Section 8022 Burns 1914, *supra,* provides: "It shall be unlawful for any proprietor, agent, foreman or other person connected with a manufacturing or mercantile establishment, mine, quarry, laundry, renovating works, bakery or printing office to hire or employ any young person to work therein without there is first provided and placed on file in the office an affidavit made by the parent or guardian stating the age, date and place of birth of said young person; if such young person have no parent or guardian, then such affidavit shall be made by the young person, which affidavit shall be kept on file by the employer,

and said register and affidavit shall be produced for inspection on demand made by the inspector, appointed under this act.''

Section 8022e Burns 1914, *supra,* provides: ''No child under the age of sixteen (16) years shall be employed or permitted to operate circular or band saws; wood shapers, wood joiners, planers, stamping machines used in sheet metal or tin work manufacturing, stamping machines in washer or nut factories, and all other stamping machines used in stamping metals; steam boilers; steam machinery; or other steam generating apparatus, dough brakes or cracker machinery of any description, wire or iron straightening machinery, rolling mill machinery, punch or shears, grinding or mixing mills, calendar rolls in rubber manufacturing or laundry machinery, corrugating rolls of the kind used in roofing or washboard manufacturing.''

By §8038 (Acts 1899 p. 231, §18) a ''young person'' as used in the act is defined to mean ''a person of the age of fourteen years and under the age of eighteen years.'' By §8045 (Acts 1899 p. 23, §25) any violation of the act is made a misdemeanor, and subjects the offender to a fine, to which imprisonment may be added.

Appellant, referring to §§8022, 8022e Burns 1914, *supra,* says: ''Both of these statutes are in force and each is doubtless observed by all careful employers and a failure to observe either of them subjects the employer to the heavy penalties prescribed therein.'' And again in appellant's brief it says: ''We cheerfully admit that the statements of the complaint show negligence on the part of the appellant. If true they show that appellant in two respects failed to observe

the law regulating the employment and work of young men over fifteen and under sixteen years of age. If true the manager of the box company is subject to the penalties prescribed, but that is the extent of the application of these statutes to the case in hand.''

We cannot agree with appellant that this is the extent of the application of the statute in the instant case. In *Hetzel, Jr.*, v. *Wasson Piston Ring Co.* (1916), 89 N. J. Law 201, 98 Atl. 306, L. R. A. 1917D 75, it was held that the Workmen's Compensation Act has no application to a child under fourteen years of age employed in a workshop, factory or mill, or other place in violation of a statute, and an action for injuries to such child, based upon the common-law liability of the employer, may be maintained. In that case the court said: ''The Workmen's Compensation Act declares that every contract of hiring made subsequent to the time of its going into effect shall be presumed to have been made with reference to the provisions of the act, and the parties to the contract shall be presumed to have accepted them, unless written notice to the contrary is given by one of the contracting parties to the other; and that in the employment of minors the act shall be presumed to apply, unless the written notice shall be given by or to his parent or guardian.

''It can hardly be doubted that the legislature, in providing for the engrafting of these statutory provisions on contracts of hiring, had in mind contracts which were valid in law, or, at least, contracts the making of which was not prohibited by express legislative enactment; for it would be entirely unreasonable to attribute to the legislature the intention of adding terms to a contract of hiring which it had

already prohibited the parties thereto from making.''
And again in the same case the court said: ''That
the contract was in violation of this statute, and that
the making thereof was absolutely prohibited thereby,
cannot be questioned; for it will hardly do to say,
as is suggested by counsel, that the employer and the
parent of the minor can by joint agreement deprive
the child of the protection of this statute by a pay-
ment of $50 as a penalty for a violation of its pro-
visions.    The purpose of the statute cannot be
thwarted in any such way.    Its primary object is the
protection of children who are too young to appre-
ciate the dangers arising out of work in places such
as those described in the act.''

In *Roszek* v. *Bauerle, etc., Co.* (1918), 282 Ill. 557,
118 N. E. 991, L. R. A. 1918F 207, plaintiff, a minor
between fourteen and sixteen years old, was employed
in a manufacturing establishment, and at the time of
his injury was operating a sandpaper machine.   No
permit authorizing plaintiff's employment had been
obtained.   Held that, though defendant, the master,
had elected to come under the Workmen's Compen-
sation Act, such act was not applicable to plaintiff,
and he might, despite its provisions, recover in an
action at law for injuries sustained, plaintiff not being
an ''employe'' within the terms of this act.   In that
case the court said: ''The plea did not aver that any
permit had been obtained authorizing plaintiff's em-
ployment for any purpose, and, as we understand the
record, the proof shows no such permit was obtained.
Without such permit he was no more legally permit-
ted to work in defendant's factory than would be a
minor under fourteen years of age.   In the one case
a minor is not legally permitted to work at all, while

in the other he is only legally permitted to work upon obtaining the permit required by the Child Labor Law. If plaintiff was not legally permitted to work he is not embraced within the provisions of the Workmen's Compensation Act and his action to recover damages was properly brought.''

In *Stetz* v. *F. Mayer Boot, etc., Co.* (1916), 163 Wis. 151, 156 N. W. 971, Ann. Cas. 1918B, 675, the plaintiff was a boy between fourteen and sixteen years of age. The statute of Wisconsin forbade the employment of children of that age in any factory or workshop, unless there was first obtained from the commissioner of labor or other specified persons a written permit authorizing the employment of such child. Plaintiff was employed by defendant without such permit having been obtained, and while so employed received injuries, on account of which he brought suit in an action at law to recover damages. Defendant contended that the Workmen's Compensation Act applied, and that the suit at law would not be maintained. The court held contrary to defendant's contention, basing its holding on the ground that, no permit for the employment of plaintiff having been obtained, he was not legally permitted to work, and that, his employment being unlawful, he was not within the provisions of the Workmen's Compensation Act.

In *Sechlich* v. *Harris-Emery Co.* (1918), (Iowa) 169 N. W. 325, the plaintiff's decedent, a girl under fourteen years of age, was employed by the defendant to perform service in its department store in the city of Des Moines. While so engaged the girl fell into the shaft of an elevator used in the store and was killed. The action was brought to recover damages

to the estate of the deceased on the alleged ground that the death of the intestate was caused by the negligence of the defendant. The defendant demurred to the petition on the ground that the court was without jurisdiction to hear or try the case, and that the recovery, if any, was to be had by applying for compensation under the provision of the Workmen's Compensation Act. In that case the court said: "If the deceased was under fourteen years of age, then defendant could not lawfully take her into its employment. This we do not understand is denied by counsel. They contend, however, that while such violation of the statute, if in fact it was violated, might render defendant liable to the prescribed penalty, it is none the less true that, whether the relation was or was not lawfully begun, defendant was in fact the girl's employer, and she was in fact its employe, and this is sufficient to bring the case within the scope of the compensation act, which provides that, where not excepted by its terms, the act applies to 'every employer.' But this theory ignores the fundamental fact that under the compensation statute the right of the employe to exact compensation from his employer for personal injury, according to its terms, and the right of the employer to exemption from all other liability than is there provided, are in their last analysis a matter of contract. Neither party is bound by the terms of the contract as to compensation until he expressly or impliedly accepts its terms. The employment of a child under the prescribed minimum age being forbidden, the child cannot lawfully consent to take employment under the statute, nor can the employer by such void contract limit his liability for injury to such child to the compensation fixed by the

act, to which it was incapable of giving consent. This would seem to be the necessary result, even without resort to the aid of precedent; but it has already been so held by several courts. Whether, if a child makes a claim under the compensation act, the employer could successfully plead the child's nonage in defense, we do not attempt to decide. In New Jersey, where the compensation statute is substantially like our own, it has been ruled in accordance with the views above expressed. Indeed, we see no way in which the position taken by appellant can be upheld without destroying much of the effective force of the statute, which, out of regard for the weakness and inexperience of childhood, forbids its employment in certain kinds of labor.  *  *  *  Nor can the fact, if it be a fact, that the girl falsely or mistakenly stated her age in taking the employment, serve as a defense to this action. The prohibition declared by the statute is absolute and unconditional, and one who employs a young person to perform a service thus regulated or forbidden cannot be heard to say in excuse that he was misinformed as to the employe's age, or that he was deceived by the apparent maturity of the person employed. To hold otherwise would be to open the door to wholesale violation of the statute. The adoption of such rule would be in effect to amend the statute by reading into it the word 'knowingly,' or other equivalent expression.''

In *Wolff* v. *Fulton Bag, etc., Mills* (1918), 185 App. Div. 436, 173 N. Y. Supp. 75, it is held that the Workmen's Compensation Act is not a bar to a common-law action for damages by an infant, employed in violation of penal law, §1275, and labor law, §§70, 93. In that case the court said: ''We reach the conclusion

that the Workmen's Compensation Law is not a bar to the infant plaintiff's common-law action for damages. Her employment in the defendant's factory on the day of the accident was unlawful; the defendant had no right to employ her, and in doing so it was guilty of a misdemeanor.'' And again in the same case the court said: ''In employing this child under sixteen years of age to work upon its power press, defendant violated the public policy of the state as declared by the foregoing statutes. We think that in enacting the Workmen's Compensation Law with reference to the rights and remedies of employers and employes, the Legislature referred to legal employment. To construe the law as permitting an employer who has employed children illegally in work expressly forbidden by law, to insist that they are deprived of their common-law rights and must look to the Workmen's Compensation Law for relief, would be to nullify the provisions of the Labor Law and to disregard the public policy of the state. In enacting the Workmen's Compensation Law the Legislature did not prescribe a code of procedure for persons engaged in unlawful or criminal occupations. The Court of Appeals, in deciding the constitutionality of the Workmen's Compensation Law, in so far as it deprives the employe of his common-law right of action, said the subject should be viewed in the light of modern industrial conditions, spoke of wasteful and protracted litigation, and sustained the act from considerations of the general welfare. * * * But it must be apparent that the protection of young children from dangerous employments to which they may be drawn by necessity, or by greed of parents or employers, or through childish inexperience or ignorance, is as im-

portant to the general public welfare as caring for those of mature years who may have been disabled in their employment. To concede that defendant violated the law, and at the same time sustain its contention that the Legislature which enacted the statute intended to provide a way out for him, does violence to every principle of right and reason.''

It will be observed that by the workmen's compensation acts of New Jersey and Iowa provisions are made for the rejection of the acts by minor employes, much the same as are made in the Indiana act. All decided cases which we have examined hold that employment when referred to in the workmen's compensation laws means lawful employment. We think that a fair construction of the Indiana Workmen's Compensation Act requires us to hold that in enacting the law with reference to the rights and remedies of employers and employes the legislature referred to legal employment.

In the instant case the appellee was employed in direct violation of §§8022 and 8022e of the statutes *supra,* and, such being the case, the employment was illegal, and he is not embraced within the provisions of the Workmen's Compensation Act, and his action was properly bought. *Roszek* v. *Bauerle, etc., Co. supra; American Car Co.* v. *Armentraut* (1905), 214 Ill. 509, 73 N. E. 766; *Strafford* v. *Republic Iron Co.* (1909), 238 Ill. 371, 87 N. E. 358, 20 L. R. A. (N. S.) 876, 128 Am. St. 129; *Beauchamp* v. *Sturges & Burn Co.* (1911), 250 Ill. 303, 95 N. E. 204; *Stetz* v. *F. Mayer Boot, etc., Co., supra; Hetzel, Jr.* v. *Wasson Piston Ring Co., supra; Messmer* v. *Industrial Board* (1918), 282 Ill. 562, 118 N. E. 993; *Kutz* v. *Acklin Stamping Co.* (1917), 27 Ohio C. C. (N. S.) 273;

*Zurasky* v. *Handycap Co.* (1918), 210 Ill. App. 254; *Kruczkowski* v. *Polonia Pub. Co.* (1918), 203 Mich. 211, 168 N. W. 932.

It follows from what we have said that the court did not err in sustaining appellee's demurrer to the first and second paragraphs of appellant's answer in abatement and plea to the jurisdiction of the court, and in overruling the demurrer of appellant to complaint of appellee, and in sustaining the demurrer of appellee to the second paragraph of answer of appellant to the complaint of appellee, and in overruling appellant's motion for a new trial.

No error appearing in the record, the judgment is affirmed.