## MID-WEST BOX COMPANY v. HAZZARD.

### [No. 24,159.    Filed February 3, 1925.]

1. MASTER AND SERVANT.—*Minor Unlawfully Employed.*—*Workmen's Compensation Act not Applicable.*—*Statutes.*—The employment of a girl fifteen years of age in a box factory without an affidavit of one of her parents as to her age, in violation of §8022 Burns 1914, Acts 1899 p. 231, §2, setting her to work operating a large shearing knife operated by power machinery, in violation of §8022e Burns 1914, Acts 1911 p. 511, §5, and requiring her to work more than eight hours in one day, in violation of §8022b Burns 1914, Acts 1911 p. 511, §2, being unlawful, the Workmen's Compensation Act is not applicable and she may prosecute a common-law action for injuries received while so employed.    p. 611.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.*—*Applicable Only to Lawful Employment.*—Even before the amendment in 1919 of §76 of the Workmen's Compensation Act, Acts 1915 p. 392, §76, that statute was applicable only to lawful employment.    p. 611.

3. MASTER AND SERVANT.—*Complaint for Injuries to Minor.*—*Sufficiency.*—A complaint alleging that the defendant, in violation of law, employed a fifteen year old girl in its factory, and after she had worked more than eight hours on that day without the consent of her parents, set her to work with a dangerous machine that consisted of a large shearing knife operated by power machinery, which cut off the fingers of her hand while she was operating it, sufficiently charged actionable negligence and sufficiently showed a causal connection between the alleged negligence and the injury.    p. 613.

4. MASTER AND SERVANT.—*Negligence of Master.*—*Contributory Negligence.*—*When no Defense.*—Contributory negligence of plaintiff is no defense to an action for personal injuries received while unlawfully employed in violation of the child labor law.    p. 613.

5. MASTER AND SERVANT.—*Negligence of Master.*—*Contributory Negligence.*—*When Not a Defense.*—*Statute.*—The employment in a factory of a young person under sixteen years of age without having an affidavit of the parent or guardian as to the age of such young person is positively prohibited by statute (§8022 Burns 1914, Acts 1899 p. 231, §2) and a violation of the statute by the employer of such young person constitutes negligence *per se*, as to which, contributory negligence of the employee is no defense to an action for injuries received while so employed (*Gifford* v. *Haynes Automobile Co.*, 80 Ind. App. 95, disapproved).    p. 614.

6. MASTER AND SERVANT.—*Unlawful Employment.—Damages for Personal Injuries.—Not Controlled by Workmen's Compensation Act.*—In a common-law action for personal injuries received while unlawfully employed, the damages that may be awarded are not controlled by the Workmen's Compensation Act, and it furnishes no criterion by which to measure the damages in such action. p. 616.

From Henry Circuit Court; *Fred C. Gause,* Judge.

Action by Catherine Hazzard, by next friend, against the Mid-West Box Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*George D. Forkner* and *Diven, Diven & Campbell,* for appellant.

*William O. Barnard* and *Bagot, Free & Pense,* for appellee.

EWBANK, J.—Appellee, as plaintiff, by her next friend, sued appellant (defendant) to recover damages for loss of the fingers from her left hand, by reason of the knife or shears of a slotting machine at which she was working in defendant's box factory coming down when she was scraping the chips away from it with her fingers. She was only fifteen years old at the time, living with her parents near defendant's factory, and had worked more than eight hours that day. Neither of her parents had made an affidavit as to her age, in compliance with the provisions of §8022 Burns 1914 (§2, Acts 1899 p. 231), nor had defendant procured the written consent of her parents that she should work more than eight hours in a day, in compliance with §8022b Burns 1914 (§2, Acts 1911 p. 511).

The complaint was in two paragraphs. The first alleged that defendant operated a factory equipped with machinery consisting of shears, slotting machine, and various other machinery and devices operated by steam and electric power, in which it employed more than five

VOL. 195—39

persons; that plaintiff was only fifteen years old; that, without the consent of her father, defendant unlawfully employed her to work in its factory, but failed to procure from her parents any affidavit or proof of her age, and unlawfully employed her to work at and operate a dangerous machine consisting of a large shearing knife driven by motor power, and used for cutting slots in straw board, which was operated by a trip lever and was known as a "slotting machine," and was very dangerous to operate; that it should have been guarded, but was not; that defendant unlawfully caused and required plaintiff to work more than eight hours during the day that she was injured; that while working at this machine under the circumstances stated, after having previously worked more than eight hours in the factory that day, plaintiff's left hand was caught between the knife and the table on said machine, and four fingers were cut off; and the conclusion was stated that, by reason of the facts alleged, the relation of master and servant did not exist between her and the defendant.

The second paragraph of complaint alleged substantially the same facts as the first, but charged that the defendant committed a trespass upon and against plaintiff by so employing her, and also averred that she was injured "while by reason of her tender age and inexperience she was unable to know or appreciate the danger of said machine or the manner of operating the same or the manner of avoiding injury in the operation thereof"; and "that she never consented to work under the Workmen's Compensation Act of the State of Indiana and was never bound thereby; that on account of her tender years and her infancy aforesaid she was incapable of knowing or understanding the nature or character of said act and had no notice or knowledge as aforesaid of such act. That her said injury was

not an accident incurred in the line of a legal employment, but was the occasion and fault of negligence of the defendant, and the result of the unlawful and wrongful acts of the defendant in so trespassing upon her rights as a child in so employing her to work in violation of the statute," etc.

By a special plea denying the jurisdiction of the court for the alleged reasons that the defendant was operating under the Workmen's Compensation Act, 1, 2. that plaintiff had not given notice that she rejected the provisions of that act, but had accepted them, and that her claim never had been submitted to nor acted upon by the Industrial Board, and also by demurrers to each paragraph of the complaint, by an answer to the complaint, by offers to introduce evidence and objections to evidence that was introduced, by objections to instructions given, and by challenging the sufficiency of the evidence to sustain the verdict, appellant has presented the question whether or not the fact that plaintiff was employed and caused to work in the factory with the machine that injured her, in violation of certain statutes of this state, gave her the right to bring and maintain an action for damages, notwithstanding the provisions of the Workmen's Compensation Act. That nothing in that act, as it read in the summer of 1917 when plaintiff suffered the injury sued for, precluded an action by a child of fifteen years to recover damages for personal injuries sustained while doing work for which she was employed and at which she was set in violation of the express terms of a statute, has been decided by this court. *New Albany Box, etc., Co.* v. *Davidson* (1920), 189 Ind. 57, 68, 125 N. E. 904. In the case cited, the court said (p. 60) : "For the purpose of the case, it may be conceded that the appellant at the time in question was operating under the compensation act. It is not denied, and the record

shows, that the appellee at the time was under sixteen years of age, that the affidavit required by said §8022 Burns 1914, *supra,* was never procured, and it also appears that in violation of §8022e Burns 1914, Acts 1911 p. 511, §5, the appellee was employed to assist in the operation of a wood joiner or shaper, which was a dangerous machine operated by steam." (And, at page 68) : "We think that a fair construction of the Indiana Workmen's Compensation Act requires us to hold that in enacting the law with reference to the rights and remedies of employers and employees the legislature referred to legal employment. In the instant case the appellee was employed in direct violation of §§8022 and 8022e of the statutes, *supra,* and, such being the case, the employment was illegal, and he is not embraced within the provisions of the Workmen's Compensation Act, and his action was properly brought." *New Albany Box, etc., Co.* v. *Davidson, supra.*

So, in the case at bar, as alleged in the complaint, the plaintiff was employed to work in the factory without an affidavit of either of her parents as to her age, in direct violation of §8022 Burns 1914, *supra,* was set to work with a large shearing knife operated by power machinery, in violation of §8020e Burns 1914, *supra,* and being so employed without the consent of her parents, she was required to work in the factory more than eight hours, in violation of §8022b Burns 1914, *supra.* And the employment not being lawful, plaintiff's right of action was not barred by the Workmen's Compensation Act, and the court had jurisdiction of this suit.

Since plaintiff suffered the injury sued for, the legislature has amended the Workmen's Compensation Act by inserting the word "lawfully" in the provision under consideration, which is thus made to read as follows: "Employees shall include every person, including a

minor, lawfully in the service of another under any contract of hire and apprenticeship," etc. §8020h3(b), Burns' Supp. 1921, §76, Acts 1919 p. 158 (175). But, as it read before the amendment was made, the provision quoted necessarily implied a lawful employment. *New Albany Box, etc., Co.* v. *Davidson, supra.* No error was committed in the several rulings upholding the jurisdiction of the circuit court as against the objection that the Industrial Board had exclusive jurisdiction.

The allegations that defendant, in violation of law, took a child of fifteen years into its employ in a factory, and after she had worked more than eight hours on that day without the consent of her parents, had her working with a dangerous machine that consisted of a large shearing knife operated by power machinery, which cut off the fingers of her hand while she was so operating it, sufficiently charged actionable negligence, and sufficiently showed a causal connection between the alleged negligence and the injury. The complaint stated a cause of action.

An instruction was given to the effect that if plaintiff was under sixteen years of age and was employed by defendant in violation of either of said statutes and without complying therewith, and if her injuries were received while performing her duties under such unlawful employment and were the proximate result thereof, plaintiff's own contributory negligence, if any, would not be a defense to her action for damages. This was correct. Contributory negligence is not a defense where the violation of a statute on the part of the employer caused an injury to an employee. §8020b Burns 1914, §2, Acts 1911 p. 145.

The court also gave an instruction to the effect that if plaintiff was living with her parents and was employed in defendant's factory and set to work at the

dangerous machine, and was thereby injured, reciting the facts substantially as alleged in the complaint, and if the defendant neither at the time of so employing her nor thereafter procured to be provided and placed on file in its office an affidavit of her parent or guardian stating her age and the place of her birth, such facts would establish defendant's liability for actionable negligence, "without regard to any other question of negligence on the part of the defendant." And it also gave another instruction to the effect that "a person or corporation employing a young person to work in a factory without first procuring the affidavit heretofore referred to in these instructions cannot defend an action for damages growing out of such employment on the ground of contributory negligence, or on the ground that such young person assumed the risk of such employment, or on the ground that such injuries were due to the negligence of a fellow servant."

Defining a "young person" as one between the ages of fourteen and eighteen years (§18), the Factory Inspection Law provides as follows: "It shall be unlawful for any proprietor, agent, foreman, or other person connected with a manufacturing * * * establishment * * * to hire or employ any young person to work therein without there is first provided and placed on file in the office an affidavit made by the parent or guardian, stating the age, date and place of birth of said young person." §§8022, 8038 Burns 1914, §§2, 18, Acts 1899 p. 231.

It has been held repeatedly that where a child is employed in direct violation of the express provisions of a statute to do work by which it is injured, such 5. violation of the statute constitutes negligence *per se*. *Waverly Co.* v. *Beck* (1913), 180 Ind. 523, 525, 103 N. E. 332; *Inland Steel Co.* v. *Yedinak* (1909),

172 Ind. 423, 437, 87 N. E. 229, 139 Am. St. 389; *Capital Rattan Co.* v. *Fancher* (1917), 64 Ind. App. 685, 689, 116 N. E. 593. But counsel for appellant deny that the facts of this case are within the rule declared by those authorities, saying that the statute above quoted does not make the "young person" incompetent, since the affidavit of a parent or guardian could not affect the competency of the child to perform the work of an employment. However, the statute expressly enacts that it shall be unlawful to employ any young person to work in a manufacturing establishment without such an affidavit. And whatever may be the reason which prompted its enactment, whether logical or not, the courts may not annul it by construction. It may be that the legislature, deeming all "young persons" *prima facie* incapable of working with safety to themselves in factories and other places enumerated in the statute where power machinery is used, yet recognized the fact that, by reason of earlier maturity, greater intelligence, quickness or skill, the occasional child might be capable of doing such work. And it may be that the parent or guardian, who should have knowledge of the actual capacity and ability of the particular child, was chosen to determine whether or not its employment at such work should be permitted. Or, it may be that this provision was enacted to insure that no children should be so employed before reaching the minimum age at which the law permits them to be employed at all, by insuring that the employer should know the child's real age. But whatever the legislative purpose, the language of the statute above quoted is too plain to be misunderstood, and makes it unlawful to employ in a manufacturing establishment a girl only fifteen years of age, without the required affidavit. Anything to the contrary in the opinion of the court in *Gifford* v. *Haynes Automo-*

*bile Co.* (1922), 80 Ind. App. 95, 136 N. E. 88, is disapproved. No error was committed in giving the instructions referred to.

It is complained that the damages awarded by the verdict are excessive, and counsel suggest, by way of argument, that for the loss of a hand while employed at the wages she was receiving, plaintiff would have had less than $800, paid in 200 weekly installments, if her case had been governed by the provisions of the Workmen's Compensation Act in force at the time of the injury (§8020o1 Burns' Supp. 1918, §31, Acts 1915 pp. 392, 400). But the verdict has been approved by the trial court, and nothing except the discrepancy between it and the amounts which would be awarded by the Industrial Board for a like injury has been suggested as indicating prejudice, partiality or corruption. The award of compensation by the Industrial Board is the same in all cases, whether the particular injury was due to negligence or fault of the employer or not. But a child not lawfully employed can only recover damages by showing that the defendant was at fault in the matter. Therefore, the damages to be recovered are on a wholly different basis, and the schedule in the Workmen's Compensation Act affords no criterion by which to measure the damages in this action. The damages are not so clearly excessive as to justify setting aside, on appeal, a verdict which has been approved by the court below. And, for the reasons suggested, no error was committed in refusing to permit the schedule of compensation paid for different injuries under said act to be read in evidence.

The judgment is affirmed.