ELSIE BENNER, APPELLEE, V. EVANS LAUNDRY COMPANY, APPELLANT.

FILED JANUARY 4, 1929. No. 26180.

*H. W. Baird* and *James W. Kinsinger*, for appellant.

(701)

*Wilmer B. Comstock,* contra.

Heard before GOSS, C. J., ROSE, GOOD, THOMPSON and EBERLY, JJ., and REDICK, District Judge.

GOSS, C. J.

Elsie Benner, born February 20, 1911, sued the Evans Laundry Company for damages for an injury to her hand suffered in a mangle on September 3, 1926, while employed by the defendant in its laundry. From a verdict and judgment of $8,000 in her favor the defendant appealed.

The plaintiff was between 15 and 16 years old when she received the injury. The defendant had not procured the employment certificate required when a minor over 14 and under 16 years of age is employed in a laundry. Comp. St. 1922, sec. 7670. In the instructions to the jury the court limited the functions of the jury to the ascertainment of damages. The defendant assigns error in overruling a special demurrer setting up that the case was one for the workmen's compensation court rather than at common law and error in overruling a general demurrer to the petition; and assigns errors in the giving and refusal of instructions, and that the verdict was excessive.

The petition was framed under the common law and alleged that plaintiff, a minor of 15, was employed to work in a laundry without the permit required by section 7670, and in a place of danger to life and limb, in violation of section 7681; and that the defendant, in violation of sections 7690, 7691, and 7692, negligently and unlawfully failed to provide guards, boxes and screens to protect plaintiff from the laundry mangle at which she was required to work and permitted the appliances furnished to become broken, ineffective and out of repair. The special demurrer interposed by the defendant raised the issue that the petition did not set forth a cause of action at common law, but a right to proceed under the workmen's compensation law, in which the district court had no jurisdiction except on appeal. When the special demurrer was over-

ruled the defendant filed its general demurrer, which was likewise overruled. It thereupon answered, preserving its demurrer, denying the allegations of the petition, and alleging that the injury to the plaintiff, if any, was due to her negligence and carelessness.

The precise question involved in this feature of the case relating to the exclusive remedy under the compensation law has not been passed on by this court. The defendant cites *Navracel v. Cudahy Packing Co.*, 109 Neb. 506, as authority for the propositions that, where an employee has not rejected the compensation law, its remedies are exclusive, and that this rule is applicable to an employee who is a minor of an age when he is "legally permitted to work under the laws of the state," to quote from section 3038, Comp. St. 1922, from the definition including certain minors under the classification of employees in the compensation act. But Navracel was 19 years of age, was clearly of an age when he could lawfully be permitted to work without any special permit or license, and was held in that case to have elected to come under the compensation act by his failure to reject it formally. Indeed, in the progress of the argument in the opinion in the *Navracel* case, the court cited a case typical of those holding that, under statutes like ours, in such an occupation, minors under 16 are not "legally permitted to work" and so cannot be presumed to have submitted themselves to the provisions of the compensation act. The case to which we refer is *New Albany Box & Basket Co., v. Davidson*, 189 Ind. 57. The syllabus in that case reads as follows:

"The employment of a boy fifteen years of age to operate a wood joiner in violation of section 8022e, Burns 1914, Acts 1911, p. 511, and without the affidavit as to age, required by sections 8022, 8038, Burns 1914, Acts 1899, p. 231, being illegal and punishable as a misdemeanor under the statute, is not embraced within the provisions of the workmen's compensation act; and hence the latter act is not a bar to a common-law action for damages for injuries suffered in such employment."

Several cases are reviewed at length and others are cited by the Indiana court supporting the principle announced in the opinion.

In *Messmer v. Industrial Board*, 282 Ill. 562, the supreme court of Illinois reversed a compensation award in favor of the claimant, who was a minor between 14 and 16 and who might have been legally employed but for the fact that he had not secured the necessary permit to work. In *Taglinette v. Sydney Worsted Co.*, 42 R. I. 133, where the compensation act provided that "a minor working at an age legally permitted under the laws of this state shall be deemed *sui juris* for the purpose of this act," and where another statute prohibited any child between 14 and 16 from being permitted to work in any factory or manufacturing establishment, unless the firm employing him "has in its possession an age and employment certificate, given by or under the direction of the school committee," it was held that a minor over 14 years was not, simply because of his age, legally an employee.

Operation under workmen's compensation is a matter not of compulsion but election. The provisions against employing minors penalize employers and not minors. The employer should not be permitted to use them as a shield for himself and as a sword for the child. *Western Union Telegraph Co. v. Ausbrooks*, 148 Tenn. 615.

Without going further into a review of the cases, it may confidently be said that the great weight of authority in the review of statutes and situations like that now before us constrains us to hold that a minor under 16 and over 14 employed in a laundry and injured while working at a laundry mangle may maintain an action at common law for damages against the employer who has failed to procure the employment certificate prescribed by section 7670, Comp. St. 1922. The law does not compel such a minor in such circumstances to be classified, under section 3038 Comp. St. 1922, among those in the service of an employer as "including minors who are legally permitted to work under the laws of the state, who for the purpose of making

election of remedies under this Code shall have the same power of contracting and electing as adult employees," and hence does not require such minors to rely on the compensation act for damages.

The court had jurisdiction of the action for damages at common law and properly overruled the special demurrer and the general demurrer.

Of the errors assigned, the next for disposition is that relating to instructions. Did the court err in taking from the jury everything except the fixing of the damages?

On the point under examination, our own cases are not fully decisive. Plaintiff cites *Hankins v. Riemers,* 86 Neb. 307. In that case a master required his servant, a lad under 16, to do dangerous work in a cave, as a result of which the servant was killed. The administrator sued, but was defeated, and the opinion directed a retrial of the case because of an erroneous instruction on another point. As an aid to the trial court, this court quoted what is now section 7681 and in the second point of the syllabus stated the law thereon in these words: "If the employment of an infant under the age of 16 years, contrary to the provisions of the statute, is the proximate cause of an injury to the child, his master is liable therefor." In the discussion of specifically prohibited employment and of inherently dangerous work, leading up to that proposition of law, the court said: "The legislature may either designate such employments by name or it may prohibit child labor in dangerous work. In the latter event it is a question of fact, in each case to be ascertained from a consideration of the evidence, if not admitted in the answer, whether the work is dangerous. Proof that the child was injured would not in itself establish that the work was dangerous within the meaning of the law." The case is therefore of authoritative value only for the proposition that the trial court in the instant case, if the violation of section 7681 (the employment in a work "dangerous to life and limb") as alleged in the petition was relied on, could not entirely take the finding of proximate cause away from the jury

on that phase of the case; but it does not aid much in the other feature of the case now on review. However, the plaintiff herein relied in her pleadings on a violation of section 7681 and the case was tried on that issue as well as on others.

*Rookstool v. Cudahy Packing Co.*, 100 Neb. 851, is cited in briefs of both parties. The boy injured was between 14 and 15 years of age at the time of the injury. The opinion, however, holds that, inasmuch as the petition counted only upon the common-law liability of the employer and all the proceedings upon the trial were upon that theory and it was thus submitted to the trial court, "this court upon appeal will so consider it, and the statute which prohibits the employment of minors between the ages of 14 and 16 years has no application." It was suggested in the course of the opinion, in reference to the provision requiring an employment certificate set out in the sections following the one which prohibits employment between the ages of 14 and 16 years, that it might be contended that this provision is rather in the interest of education than to protect it from unnecessary dangers, but the point was not necessary to be decided and the case was determined on the other point indicated above. That point never has been decided in this court, but it is raised by the issues and is argued by the appellant in its brief. More will be said of this later.

*O'Neill v. Rovatsos*, 114 Neb. 142, is cited by the appellee, but in that case the injured boy was under 14 years of age. His employment as a messenger was a violation of section 7669, Comp. St. 1922. It was absolutely and specifically prohibited, just as that section prohibits employment by children of that age in laundries. The trial court had erroneously directed a verdict for the defendant. This court held that, where a minor under 14 is employed in violation of section 7669 and is injured in the course of such employment, contributory negligence cannot be attributed to the minor, nor can he be held to have assumed the risk of the employment; and "that the question of

proximate cause is for the jury." If the proximate cause is for the jury in the case of a boy under 14, whose employment was there held to be in positive violation of section 7669, how can we logically escape the conclusion that the proximate cause is to be submitted, under proper instructions, to the jury in an action based on a violation of the companion section, 7670, by reason of the employment and injury of a girl between 14 and 16 years of age, who is not in all circumstances prohibited from working?

It would unduly prolong this opinion, and is unnecessary, to state fully the nature and contents of the employment certificate required in such a case. In short, it is a certificate from the superintendent of schools relating almost entirely to the attendance and qualification of the child. There are no references to the child physically, except that the certificate shall show that it "has reached the normal development of a child of its age, and is in sound health and is physically able to perform the work which it intends to do" (section 7672), and only in doubtful cases shall its physical fitness be determined by a physician. The evidence indicates that the plaintiff was in every way qualified to be properly certified and that when she engaged employment it was arranged that such a certificate would be obtained. Probably in the delegation of that duty it was overlooked.

It is apparent that the chief office of such a certificate is to provide that children who labor shall not be withdrawn from an opportunity to secure the rudiments of an education, though the complete fulfilling of the law requires at least a lay opinion that they are physically fit.

With reference to the educational purpose of the act, we have heretofore quoted what our court suggested on that subject in the case of *Rookstool v. Cudahy Packing Co.*, 100 Neb. 851.

In *Steel Car Forge Co. v. Chec*, 184 Fed. 868, the circuit court of appeals for the seventh circuit had under review and reversed a judgment obtained by a minor between 14 and 16 years of age, obtained in Indiana and involving a

failure to procure the employment certificate required in a statute much like ours. It is the same act that was involved in *New Albany Box & Basket Co. v. Davidson,* 189 Ind. 57, and referred to in the syllabus quoted in that part of this opinion relating to the compensation act. The court elaborately discussed the educational purposes of the act, held that in no way could it be said that the failure to observe the statutory requirements had a tendency to bring about the accident complained of, and that the trial judge erred in instructing the jury that the charge of negligence against the defendant was sustained if the jury found that the plaintiff was under 16 years of age at the time of the injury.

*Lindell v. Stone,* 77 N. H. 582, holds that, in a case of a boy 15 years' old, employed in a mill, where a statute prohibits under penalty the employment of children under 16 years while the schools are in session, without a permit from the school superintendent, non-compliance with the statute is not relevant upon the issue of defendant's negligence; and that the evident purpose of the legislature, so far as the law applies to children between 14 and 16 years of age, was to compel school attendance and to promote education.

Whatever efficacy is there in the failure to procure and file such a certificate, which might have been procured and filed, by which the law of the case is so transformed that the proximate cause of plaintiff's injury would be presumed when otherwise it would be submitted to a jury? Suppose the plaintiff had had a twin sister who had the same educational qualifications, the same physical qualities and state of health, who was working alongside plaintiff, in the same employment, and was injured by the same act. Could it be said to be the law that, if the twin sister had an employment certificate on file with the employer, she would have to prove and have the jury find that the negligence of her employer was the proximate cause of her injury and the amount of her damages, but that all the plaintiff would need to have submitted to the jury would

be the amount of her damages, as was done by the trial court in this case?

It should be borne in mind that the legislature has sanctioned the employment of children of plaintiff's age in laundries, provided the employer has secured a proper employment certificate for the child to work. That is the policy of the state. The work at which the plaintiff was engaged was not of itself so inherently dangerous as to be under the ban of public policy as a matter of law, whatever may have been the fact as to the alleged negligence of the employer, as to the kind and condition of his appliances to safeguard the employee when operating the mangle at which she was injured. By its classification in section 7670, work in a laundry was removed specifically from those employments prohibited a child over 14 and under 16 years and defined by the terms of section 7681, Comp. St. 1922, as "any work which by reason of the work, or place of performance, is dangerous to life or limb," or at any rate it would ordinarily be at best a question of fact for the jury, rather than of law for the court, to decide if the place of work in this particular laundry and at the particular mangle at which plaintiff received the injury was one of such inherent danger as to remove it from the expressly permissible occupations described in section 7670.

We think the main purpose of requiring the employment certificate is educational, though the health and physical fitness is an element to be considered in issuing it; but failure of an employer of a child under 16 and over 14 to secure the employment certificate prescribed by section 7670 cannot be said to be the proximate cause of an injury to the child; evidence of such failure to procure the certificate is material only for the purpose of sustaining the right to bring an action at common law rather than under the compensation act.

It was a question for the jury whether the negligence of the employer was the proximate cause, or a contributing cause, of the plaintiff's injury.

The trial court assumed that the facts of the injury of plaintiff, and the proximate cause of the injury, were matters of law for him to decide, upon which he could predicate actionable negligence of the defendant without the intervention of a jury. This indicates a reversal of the judgment and a new trial at which the negligence of the parties should be submitted to the jury and decided by them under appropriate instructions from the court in harmony with this opinion. Judgment accordingly.

REVERSED AND REMANDED.