TARRANT, ADMINISTRATRIX, Appellant, v.
HELENA BUILDING & REALTY CO., Respondent.
(No. 8508.)

(Submitted May 9, 1944.   Decided September 29, 1944.   Opinion on
Petition for Rehearing filed December 19, 1944.)

[156 Pac. (2d) 168.]

*Mr. Sherman W. Smith* and *Mr. Ralph J. Anderson,* of counsel, submitted an original and a reply brief, and argued the cause orally.

*Mr. John W. Mahan* and *Messrs. Weir, Clift* and *Bennett,* for Respondent, submitted a brief; *Mr. Mahan* and *Mr. T. B. Weir* argued the cause orally.

MR. JUSTICE ADAIR on rehearing delivered the opinion of the court.

Appeal from a judgment of dismissal. On July 17, 1943, Helen June Tarrant, a 13 year old girl, was caught and crushed by a moving passenger elevator accommodating an office building in Helena, Montana. From the injuries so received the child died. Her body was found between the fifth and sixth floors wedged between the outside of the elevator and a floor of the building. Plaintiff was appointed as administratrix of the decedent's estate and, as such administratrix brought this action to recover damages from the defendant Helena Building & Realty Company, a corporation, as owner and operator of the said office building on the alleged ground that its negligence was the proximate cause of the death.

In its answer the defendant company denies all the allegations charging it with negligence; admits that at the time of the accident it then owned and operated the office building and alleges that at such time the minor was then employed by the defendant company to operate its passenger elevator for which services she was paid at the rate of $35 per month. The answer also contains two separately pleaded affirmative defenses. The first affirmative defense alleges that prior to the accident the defendant had elected to become bound by Plan No. 2 of the Workmen's Compensation Act, Rev. Codes 1935, sec. 2978 et seq.; that the defendant company had performed all the conditions

prescribed by law to render such election effective; that the minor did not at any time "elect not to be bound by the compensation provisions of the Workmen's Compensation Act" and that in consequence thereof, at the time of her injury and death, she was bound by the provisions of the Workmen's Compensation Act and thereby her legal representative was deprived of the right to maintain this action at law for damages. The second affirmative defense was a plea of contributory negligence on the part of the deceased.

The plaintiff administratrix, by demurrer, separately challenged the answer and each of the affirmative defenses on the grounds that each fails to state facts sufficient to constitute a defense. Plaintiff's demurrer was overruled and she declined to plead further whereupon the defendant company's motion for judgment on the pleadings was granted, the parties stipulating that the plea of contributory negligence was not to be considered on the motion and such plea was not urged on this appeal. Judgment was entered dismissing the complaint and this appeal is from such judgment.

On this appeal the administratrix assigns as error: (1) The overruling of plaintiff's demurrer to the defendant company's first affirmative defense; (2) the sustaining of the defendant company's motion for judgment on the pleadings; and (3) the making and entering of the judgment of dismissal.

The Child Labor Law and the Workmen's Compensation Act are here involved.

In 1907 the legislature of this state enacted Chapter 99 of the Session Laws of 1907, commonly called the Child Labor Law. Section 1 of the original Act, now section 3095, Revised Codes of 1935, expressly forbids the employment of "any child under the age of sixteen years, to render or perform any service or labor" in, on or about any passenger or freight elevator. For violating the provisions of the statute, penalties are imposed. (Secs. 3095, 3096 and 3098, Rev. Codes.) The penalty may be a fine or imprisonment or it may be both fine and imprisonment. (Sec. 3100, Rev. Codes.)

In *Daly* v. *Swift & Co.*, 90 Mont. 52, 300 Pac. 265, 268, this court held that a violation of the Child Labor Law "forms the basis of an action for damages for injuries resulting from such labor as the employment entails, and the general rule that the violation of a statute enacted for the protection of the public is negligence *per se* (citing case) applies." (Citing cases.)

The Workmen's Compensation Act was first enacted as Chapter 96 of the Session Laws of 1915, and it "is intended to apply to all inherently hazardous works and occupations within this state." (Sec. 2847, Rev. Codes.) "Freight or passenger elevators" are among the hazardous works expressly listed in the Act (sec. 2848), and any employer having workmen engaged therein "shall be considered as an employer engaged in hazardous works and occupations as to all his employees." (Sec. 2847, Rev. Codes.)

In some states the Compensation Act is *compulsory* but the Montana Act has been held to be *elective* and *contractual* in character. In *Shea* v. *North Butte Mining Co.*, 55 Mont. 522, 179 Pac. 499, 501, this court upheld the constitutionality of the Act saying: "Our own statute is *elective.* * * * The employe may revoke his *election* at any time. The employer may make his *election* at any time." The court also said that our compensation law "becomes binding upon the employer and employe at their *election*, but not otherwise" and that the employee "cannot complain because it was competent for him to waive the advantage of any provision of law which was intended solely for his benefit, so long as the waiver did not violate public policy."

Apparently the Workmen's Compensation Act, Chapter 96, Laws of 1915, as originally enacted, accepted the prohibitions of the Child Labor Law (sec. 3095) at their face value for the original Act makes no provision for covering therein minors who are placed at work in prohibited occupations and there injured or killed.

In 1925 the legislature by the enactment of section 3 of Chapter 121, Laws of 1925, now section 2863, Revised Codes of

1935, amended its definition of the term "employee" to read in part: " 'Employee' and 'workman' are used synonymously and mean every person in this state, including a contractor other than an 'independent contractor' who is in the service of an employer as defined by the preceding section, under any appointment or contract of hire, expressed or implied, oral or written including aliens and also including minors, *whether lawfully or unlawfully employed,* * * *."

The above amendment makes a most drastic change in the Workmen's Compensation Act. By simply changing the definition of the term "employee" to include "minors, whether lawfully or unlawfully employed" the legislature makes of the "unlawfully employed" minor a full-fledged "employee" and it renders, to employers insured under the Act, immunity from common-law or statutory suits for damages, even where injury or death results to such minor when rendering or performing service or labor in violation of express statute. Since the amendment makes an "employee" of an "unlawfully employed" minor, it dispenses with the necessity of a valid contract of employment. It makes wholly immaterial the age or competency of the minor and the capacity of the minor to contract, as well as the lawfulness of the object or of the employment.

Under the Act the insured employer is rendered immune from "any other liability whatsoever for the death of or personal injury to any employee" except as is provided in the Act and "all causes of action, actions at law, suits in equity, and proceedings whatever, and all statutory and common-law rights and remedies for and on account of such death of, or personal injury to, any such employee are * * * abolished." (Sec. 2838, Rev. Codes.)

The "unlawfully employed" minor, like all other employees, ▪▪▪ is bound by the plan of compensation adopted by his employer unless and until such unlawfully employed minor shall have made and served upon the employer and filed with the board the written notice in the form prescribed by the board to the effect that he elects not to be bound by the plan adopted by

the employer, for the Act provides: "Every employee * * * shall become subject to and be bound by the provisions of that plan of compensation which shall have been adopted by his employer, unless such employee shall elect not to be bound by any of the compensation provisions of this Act, and until such employee shall have made such election. Such election shall be made by written notice in the form prescribed by the board, served upon the employer, and a copy filed with the board, together with the proof of such service." (Sec. 2842, Rev. Codes.)

The Act further provides: "Where both the employer and employee have elected to come under this Act, *the provisions of this Act shall be exclusive,* and such election shall be held to be a surrender by such employer and such employee, as between themselves, of their right to any other method, form or kind of compensation, or determination thereof, or to any other compensation, or kind of determination thereof, or cause of action, action at law, suit in equity, or statutory or common-law right or remedy, or proceeding whatever, for or on account of any personal injury to or death of such employee, except as such rights may be hereinafter specifically granted; *and such election shall bind the employee himself, and in case of death shall bind his personal representative, and all persons having any right or claim to compensation for his injury or death,* as well as the employer, and those conducting his business during liquidation, bankruptcy or insolvency." (Sec. 2839, Rev. Codes. Emphasis ours.)

No action for wrongful death existed at common law, the action dying with the injured person. However, the legislature is empowered to and it has provided that in certain cases the cause of action shall survive the death of the injured person. (See sections 9075, 9076 and 9086, Rev. Codes.) That which the legislature is empowered to give, it is also empowered to take away. The legislature was empowered to enact the Workmen's Compensation Act. It was also empowered to enact the 1925 amendment to the Act. By such legislation the legislature has taken from the injured workman, and in case of his death from

his representatives, certain causes of action and remedies theretofore available to them. Whether that legislation is wise or not was and is for the legislature to decide, for this court cannot inquire into or control matters of legislative policy. If the legislation is capable of enforcement, it must be upheld. (*State ex rel. Board of County Commissioners* v. *District Court,* 62 Mont. 275, 279, 204 Pac. 600.)

In the instant case the defendant corporation is an employer as defined by section 2862, Revised Codes. The decedent was a minor unlawfully employed by defendant in direct violation of section 3095, Rev. Codes. The legislature by its 1925 amendment included within its definition of ''employee'' the unlawfully employed minor. The defendant employer was insured under that Act. The minor failed, in the manner and form prescribed by section 2842, Revised Codes, to elect not to be bound by the compensation plan theretofore adopted by her employer. This failure to affirmatively elect not to be bound by the Act constitutes an exemption to the defendant employer from liability in this statutory suit for damages. The legislature has so provided in sections 2838 and 2839 of the Revised Codes.

The judgment is therefore affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICE MORRIS concur.

MR. JUSTICE ANDERSON, specially concurring:

In the cases in other states holding the Workmen's Compensation Law inapplicable there was question as to what the legislature had in mind—whether it intended to deal with contracts of employment that were prohibited by law. As illustrative, I refer to the following:

In *Hetzel* v. *Wasson Piston Ring Co.,* 89 N. J. L. 201, 98 A. 306, 307, L. R. A. 1917D, 75, a leading case, the court says: ''It can hardly be doubted that the Legislature * * * had in mind contracts which were valid in law or, at least, contracts the making of which was not prohibited by express legislative enactment; * * *.''

*Kruczkowski* v. *Polonia Pub. Co.,* 203 Mich. 211, 168 N. W.

932, 933, holds: "In our opinion the better rule is that, to permit a minor employe to be regarded as within the meaning and provisions of the Compensation Act, there must be a valid contractual relation, and a contract to be employed in the work in which he was injured; that a contract which is illegal, or in violation of a statute, will not suffice.

"A valid contract of employment in the work in which the minor was injured is essential in order that such a person may be an 'employe' under the Act."

*Wlock* v. *Fort Dummer Mills*. 98 Vt. 449, 459, 129 Atl. 311, 314, says: "Since the plaintiff was not an employee within the true intent and meaning of the Workmen's Compensation Act, she was not subject to the provisions thereof, nor was the remedy there provided applicable in seeking damages for the injuries suffered."

In Nebraska the compensation law declares itself as "including minors who are legally permitted to work under the laws of the state, who for the purpose of making election of remedies under this code shall have the same power of contracting and electing as adult employes." (Comp. St. 1922, sec. 3038.) The court there in interpreting that provision and applying it to an injured minor whose employment was such as prohibited by law, says, in *Benner* v. *Evans Laundry Co.*, 117 Neb. 701, 222 N. W. 630, 631, that "The law does not compel such a minor in such circumstances to be classified [as within its provision]", pointing out that the law calls for lawful employment as the basis of its application.

In Indiana the court has said: "We think that a fair construction of the Indiana Workmen's Compensation Act requires us to hold that in enacting the law with reference to the rights and remedies of employers and employes the Legislature referred to legal employment." And in case of a workman employed in violation of a statute, "the employment was illegal, and he is not embraced within the provisions of the Workmen's Compensation Act," and he could maintain a common-law action. (*New Albany Box & Basket Co.* v. *Davidson*, 189 Ind. 57, 125 N. E.

904, 907.) And in *Mid-West Box Co.* v. *Hazzard,* 195 Ind. 608, 146 N. E. 420, 422, the controlling factor was that the employment was not lawful, and the common-law action was not barred by the compensation law. The court says in the latter case: "Since plaintiff suffered the injury sued for, the Legislature has amended the Workmen's Compensation Act by inserting the word 'lawfully' in the provision under consideration which is thus made to read as follows: 'Employee shall include every person, including a minor, lawfully in the service of another under any contract of hire or apprenticeship,' * * *. But as it read before the amendment was made the provision quoted necessarily implied a lawful employment." Other state courts hold the same way.

Our statute has overridden the hindrance met with in these other states; all doubt is removed as to the inclusion of cases of minors engaged in prohibited hazardous employment. As amended in 1925, the statute, section 2863, Rev. Codes, says that the words " 'Employee' and 'workman' are used synonymously and mean every person in this state, including * * * aliens and also including minors, whether lawfully or unlawfully employed * * *." In these other states, for a minor to come under the compensation law, the employment must be lawful. Here it may be either lawful or unlawful. All minors employed, including those engaged in hazardous occupation prohibited to them by law, are classified as employees. And given that classification, they are bound by the Workmen's Compensation Law regardless of the violation of the Child Labor Law, and even though by that law their employment is illegal.

I concur in the majority opinion.

MR. JUSTICE ERICKSON:

I dissent. To my mind there are two possible constructions that may be placed on the language of section 2863, Revised Codes, that we are here considering. The one construction is that placed upon it in the majority opinion promulgated after the filing of the petition for rehearing. That construction

denies to the survivors of the minor killed while employed contrary to the Child Labor Law any recovery at law. That construction nullifies the expressed purposes of several groups of statutes dealing with minors. So far as the Child Labor Law is concerned and the many cases construing it, the majority's view as to the effect of the amendment of 1925 is in direct conflict with the principles underlying that legislation. The civil penalties denying to the employer certain defenses where he employs minors contrary to the Child Labor Law shows how strong has been our policy for the purpose of discouraging the employment of minors. Under the view of the majority now the employment of minors is encouraged. And this is particularly true for in the usual case as here nothing is payable under the workman's compensation laws either as ordinarily the minor has no dependents, and if he has the degree of dependency is small. It is hard for me to believe that by the enactment of the amendment of 1925 the legislature sought to bring about this result.

Another effect of the majority opinion is to repeal so far as workmen's compensation cases are concerned, and where children are illegally employed, the many statutes founded on common sense and experience which provide that children under certain ages are not competent to contract. To me it is also incredible that the legislature intended by this amendment to bring about such a result.

Then, too, the majority construction, it seems to me, makes the Act so far as minors are concerned one to relieve the employer of liability rather than one to furnish protection to employees and their families. It would seem to me that the legislature would intend to furnish more protection for minors than for adults rather than less. This interpretation reaches a contrary result. To me the result reached is a shocking one. A child of thirteen is employed contrary to the Child Labor Law, running a highly dangerous piece of machinery, an elevator. The law expressly forbade her employment. Within a few days after she was on the job she was killed in operating the elevator, how we do not know except that she was found dead in the

shaft some time the next morning. Her employer is not liable to any one for her death and apparently no workman's compensation will ever be received by her parents as she had not worked long enough to draw even her first check.

The majority agrees that the result reached is undesirable but it takes the view that there is but one possible construction to be placed on section 2863, as amended. It says that the court may do nothing as the legislature has used language that admits of but one construction. If there are two possible constructions it is well settled that it is our duty to adopt the construction that will do justice in the particular suit and that will serve to harmonize all of the statutes dealing with the subject, and that will carry out the purpose of the whole Act, I believe that the amended Act is open to two possible constructions. I believe that the correct and logical construction is that placed upon the amended Act in the original opinion prepared by the majority prior to the petition for rehearing. In the application of the Act in our original opinion, all of the statutes setting out the primary purposes of all of the Acts dealing with employment of minors, with capacity of minors to contract and with the basic theories of the Workmen's Compensation Act, are harmonized and all are given effect. I do not feel that the interpretation placed on section 2863 is a strained one nor do I think the language of the amended section precludes the construction there placed upon it.

In my opinion the original opinion should be adhered to, and the judgment of dismissal appealed from should be reversed.