THE TOWN OF CARROLLTON v. RHOMBERG, *Appellant.*

1. **Appeals.** An appeal lies from the mayor's court of the town of Carrollton in all cases.

2. ———: JUSTICE'S COURT: ABATEMENT OF ACTION. The perfecting of an appeal from the judgment of a justice of the peace divests the judgment of its legal effect, and if the case be one in which the cause of action does not survive, upon the death of the party before the entering of a lawful judgment in the appellate court, the action will abate.

3. **Abatement.** A prosecution for violation of a city ordinance abates upon the death of the defendant.

*Appeal from Carroll Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED.

*Hale & Son* for appellant.

*Shewalter & Sebree* and *Mirick* for respondent.

MARTIN, C.—This was a prosecution commenced in the mayor's court of the town of Carrollton against Hieronymus Rhomberg on the 19th day of November, 1877, wherein he was charged with violation of a city ordinance prohibiting the sale of liquor on Sunday. He was found guilty and fined $10. He in due time appealed to the circuit court, where his appearance was entered. The prosecutor moved that the appeal be dismissed on the ground that no appeal from the mayor's court was provided for by law. The motion was sustained by the court and judgment of dismissal entered, together with a judgment for costs. This was done in December, 1878. From this judgment of dismissal the defendant appealed to this court. In February, 1883, while his appeal was pending here, he died and his administrator was made a party. The death of the original defendant is pleaded here in abatement of the prosecution.

In our opinion the circuit court erred in holding that

the defendant could not appeal from the judgment against
1. APPEAL.    ·    him in the mayor's court.    The 25th sec-
tion of the amended charter of Carrollton reads as follows:

Section 25.    The mayor shall have, within the limits
of the town, all the powers and jurisdiction vested in jus-
tices of the peace in civil and criminal cases, and shall per-
form and exercise all the powers and duties enjoined on
justices of the peace in similar matters and in like manner,
and he shall be entitled to similar fees, and all his proceed-
ings shall be under the same government and control as the
proceedings of justices of the peace in like cases, and ap-
peals to the circuit court may be taken in like manner as
appeals in justices' courts.    The mayor shall have juris-
diction in all cases arising under this act, and under all
ordinances made in accordance with this act.    He may issue
his warrant and cause to be apprehended and brought to
summary trial any person accused of transgressing any of
the town ordinances.    He shall grant the accused the right
to be tried by six competent jurors, who, if they find him
guilty, shall assess his fine according to the ordinances, and
if any person fined, as aforesaid, refuse to pay his fine, the
mayor may sentence him to be imprisoned not exceeding
ten days.    Fines, penalties and forfeitures accruing to said
town may be recovered in the summary manner aforesaid,
or they may be recovered by an action of debt in the may-
or's court, or any court of competent jurisdiction.

The city provides for appeals also in its ordinances.
Section 28 of ordinance No. 1 of said town, was read in
evidence on the hearing:

Section 28.    Any person fined under any of the ordi-
nances of the town may prosecute an appeal to the circuit
court of Carroll county, on complying with the regulations
concerning appeals now prescribed by the State law in cases
of appeals taken from justices' courts.

We think the phrase "and appeals to the circuit court
may be taken in like manner as appeals in justices' courts,"
was intended to apply to all cases of which the mayor had

jurisdiction, whether under the ordinances or under the law defining the jurisdiction of a justice of the peace. Any other construction would lead to the manifest injustice of giving the right of appeal when only a few dollars are involved in the proceeding and denying it when the personal liberty of the citizen is at stake.

The accused being entitled to an appeal, his case ought to have been tried *de novo* in the circuit court, instead of 2. ——: justice's being dismissed. When an appeal is taken court: abatement of action. from a justice's judgment, the perfecting of the appeal divests the judgment or its legal effect, the upper court becomes possessed of the cause and must enter a judgment of its own, disregarding the evidence and rulings of the justice. *Turner v. Northcut*, 9 Mo. 252.

As the circuit court in this case refused to go on with the case legally pending before it, and the defendant who was found guilty has died before any new trial, the suit will have to abate. If he was still living the cause would be remanded to the circuit court, with directions to proceed in the trial of it.

But we are of the opinion that the offense or cause of action cannot be proceeded with as surviving against the 3. ABATEMENT. personal representative of the accused. It is unnecessary to consider the question whether this is a criminal or a civil proceeding, for under neither view of it could the case be proceeded with. If it is a criminal proceeding it abates as a matter of course. *State v. Perrine*, 56 Mo. 602. If it is a civil suit it is neither an action *ex contractu* nor an action for "wrongs done to the property, rights or interests of another," within the meaning of our laws so as to survive against the representative of the wrongdoer. R. S. 1879, §§ 95, 96. It has been held by this court that a prosecution of this character is a civil action in form, although *quasi* criminal in its nature. *Kansas City v. Clark*, 68 Mo. 588. Its object is to recover a penalty to be imposed by a court for the violation of a city ordinance enacted to promote the public welfare. Viewed in this light, it clearly

does not survive as against the representatives of the guilty party.

The judgment of the circuit court dismissing the appeal is reversed, and an abatement of the suit is ordered on account of the death of the original defendant. All concur.