[Crim. No. 1788.   In Bank.—September 24, 1913.]

THE PEOPLE, Respondent, v. CHERRY DE ST. MAURICE, Appellant.

CRIMINAL LAW—JUDGMENT OF CONVICTION IMPOSING FINE—DEATH OF DEFENDANT PENDING APPEAL—ABATEMENT.—In the absence of a statute expressing the contrary, the death of the defendant in a criminal prosecution, pending her appeal from a judgment of conviction which imposed the payment of a fine, with the alternative of imprisonment, abates all further proceedings in the matter. This result follows in this state, notwithstanding section 1214 of the Penal Code provides that execution may be issued on such a judgment as on a judgment in a civil action, and section 1206 of the same code declares that such judgment constitutes a lien in like manner as a judgment for money in a civil action.

APPEAL from a judgment of the Superior Court of Sacramento County, from an order denying a motion in arrest of judgment, and from an order refusing a new trial. J. M. Hughes, Judge.

The facts are stated in the opinion of the court.

A. M. Seymour, and Archibald Yell, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

HENSHAW, J.—Cherry de St. Maurice was indicted and convicted of the crime of contributing to the delinquency and dependency of a minor child by selling liquor to such minor child. The judgment of conviction was upheld upon her appeal to the court of appeals for the third district, and a hearing was granted by this court. The judgment of conviction ordered her to pay a fine in the sum of five hundred dollars, and, in default of the payment, to be imprisoned in the county jail of Sacramento County one day for each two dollars of the fine.

While her appeal was thus pending and awaiting decision before this court the defendant died a violent death. Suggestion of her death has been presented to this court, with the request that it make its appropriate order in the premises.

The Penal Code provides that if in a criminal action the judgment is a fine with or without imprisonment execution may be issued thereon as on a judgment in a civil action. (Pen. Code, sec. 1214.) And section 1206 of the same code declares that a judgment that a defendant pay a fine with or without the alternative of imprisonment, constitutes a lien in like manner as a judgment for money rendered in a civil action.

The question is, therefore, what is the effect of the death of a defendant adjudged to pay a fine, when death occurs pending the appeal from such judgment? There can be but one answer to the question, and that is that, in the absence of a statute expressing the contrary, all proceedings in the matter incurably abate. We need not amplify this plain proposition. It will be found fully supported by the following authorities, state and federal, a number of which present facts practically identical with those of the case at bar: *United States* v. *Dunne,* 173 Fed. 254, [19 Ann. Cas. 1145, 97 C. C. A. 420]; *United States* v. *Pomeroy,* 152 Fed. 279; *United States* v. *Mitchell,* 163 Fed. 1014; *Town of Carrollton* v. *Rhomberg,* 78 Mo. 547; *Willis* v. *Byrne, Admr.,* 106 Ala. 425, [17 South. 332]; *March* v. *State,* 5 Tex. App. 450; *Overland etc. Co.* v. *People,* 32 Colo. 263, [105 Am. St. Rep. 74, 75 Pac. 924]; *Boyd* v. *State,* 3 Okl. Crim. 684, [108 Pac. 432].

It is therefore adjudged that all proceedings in the above entitled cause, and especially under the judgment therein rendered, have permanently abated, and that the superior court of Sacramento County enter its appropriate order to that effect.

Lorigan, J., Sloss, J., Angellotti, J., Melvin, J., and Beatty, C. J., concurred.