[Crim. No. 1615. Second Appellate District, Division Two.—October 22, 1929.]

THE PEOPLE, Respondent, v. JESSE ALEXANDER, Appellant.

William C. Ring for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

THOMPSON (IRA F.), J.—Since the appeal from the judgment and an order denying the defendant's motion for a new trial was perfected the appellant has died. The question now under consideration is: What is or should be the effect of his death upon the proceedings? Counsel for appellant argues that this court should proceed to a determination of the merits of the appeal in order that the reputation of the deceased may not be wrongfully assailed, assuming of course, as he does, that such a consideration would result in a reversal. The argument we think proceeds from a wrong premise. What difference can it possibly make whether the proceeding be abated at this stage, or, assuming the event of a reversal, when it shall have reached the trial court? At the present time there is no final judgment and if the action abate there never will be. It is not now determined that the defendant was guilty and, in the event of an abatement, never will be so determined. In fact the presumption of innocence, which fol-

lows the accused until final judgment is entered, would seem to conclusively refute counsel's argument. If we should remand the case for a new trial it would then necessarily have to be abated without a determination of the guilt or innocence of the accused. Therefore the result would be substantially the same in either event.

Aside from what has been said from the standpoint of principle and logic, however, the question is disposed of by precedent. In *People* v. *St. Maurice,* 166 Cal. 201 [135 Pac. 952], the appellant, who had been found guilty and ordered to pay a fine by the trial court, died pending the appeal. Some doubt was cast upon the question of abatement by reason of the provisions of the Penal Code that where the judgment is a fine execution may be issued thereon as on a judgment in a civil action. Nevertheless, the court held that the proceeding abated by the death, expressing itself upon the problem in this language: "There can be but one answer to the question, and that is that, in the absence of a statute expressing the contrary, all proceedings in the matter incurably abate. We need not amplify this plain proposition. It will be found fully supported by the following authorities, identical with those of the case at bar: *United States* v. *Dunne,* 173 Fed. 254 [19 Ann. Cas. 1145, 97 C. C. A. 420]; *United States* v. *Pomeroy,* 152 Fed. 279; *United States* v. *Mitchell,* 163 Fed. 1014; *Town of Carrollton* v. *Rhomberg,* 78 Mo. 547; *Willis* v. *Byrne, Admr.,* 106 Ala. 425 [17 South. 332]; *March* v. *State,* 5 Tex. App. 450; *Overland etc. Co.* v. *People,* 32 Colo. 263 [105 Am. St. Rep. 74, 75 Pac. 924]; *Boyd* v. *State,* 3 Okl. Cr. Rep. 684 [108 Pac. 431]." That counsel misconceives the reason for the doubt in cases where the judgment is a fine is made clear by a short quotation from *United States* v. *Pomeroy, supra,* which reads: "It is well settled that all prosecutions for crimes before judgment are abated by the death of the party charged. When the punishment for a crime is imprisonment, the death of the convict, of course, puts an end to the punishment; but, upon the question whether a judgment in a criminal prosecution imposing a fine as a punishment is abrogated by the defendant's death, there appears to be very little authority." We entertain no doubt but that the proceeding is abated.

It is therefore adjudged that all proceedings is the above-entitled cause have permanently abated, and that the trial court enter its appropriate order to that effect.

Works, P. J., and Craig, J., concurred.