STATE, Respondent, *v.* LAWRENCE, Appellant

No. 8810.

Decided January 11, 1949.

201 Pac. (2d) 756.

Mr. H. J. Freebourn, of Butte, for appellant.

Mr. R. V. Bottomly, Attorney General, and Mr. Clarence Hanley and Mr. M. Baxter Larson, Asst. Attorneys General, for respondent.

MR. CHIEF JUSTICE ADAIR:

Appellant was tried, convicted and sentenced to three years imprisonment in the state prison on a felony charge involving the alleged violation of the provisions of sections 11000 to 11007, Revised Codes of Montana 1935. On the day of his sentence, October 28, 1947, appellant perfected an appeal to this court, obtained and filed a certificate of probable cause and was admitted to bail. While the transcript of the record was in preparation appellant died. Thereafter on January 12, 1948, the completed transcript on appeal was filed in this court.

On February 27, 1948, appellant's death was suggested to this court. At such time there was filed in the office of the clerk of this court: A certified copy of appellant's death certificate, the affidavit of the undertaker conducting the funeral and burial, and the affidavit of appellant's counsel of record certifying that appellant had died and giving the time and place of his death and burial.

A civil action does not abate by the death of a party if the cause of action survive or continue, secs. 9075, 9076 and 9086, Rev. Codes of Montana 1935; Judson v. Anderson, 118 Mont. 106, 165 Pac. (2d) 198, 207; Hardware Mutual Cas. Co. v. Butler, 116 Mont. 73, 148 Pac. (2d) 563, 564; Tarrant v. Helena Building & Realty Co., 116 Mont. 319, 156 Pac. (2d) 168, 170; Howard v. Wilbur, 6 Cir., 166 F. (2d) 884.

However, in a criminal prosecution the object of which is to enforce the criminal law and to punish the person found guilty of its violation, the almost universal rule is that the death of the convicted person pending his appeal from a judgment of conviction abates the appeal. (Howard v. Wilbur, supra; Morgan v. State, 30 Ala. App. 510, 9 So. (2d) 33; State v. Levin, 1948, 137 N. J. L. 69, 58 A. (2d) 231; Frank v. State, 1948, Md., 56 A. (2d) 810; State v. Wilson, 1947, Okl. Cr. App., 184 Pac. (2d) 634; Jones v. State, 1947, Tex. Cr. App., 205 S. W. (2d) 786; Dixon v. State, 1947, Tex. Cr. App., 204 S. W. (2d) 839; State v. Stotter, 67 Idaho 210, 175 Pac. (2d) 402; State v.

Stevens, 1945, 133 N. J. L. 488, 44 A. (2d) 713; People v. Dail, 22 Cal. (2d) 642, 140 Pac. (2d) 828, 837; State v. Fanalous, 99 Utah 322, 106 Pac. (2d) 163; State v. Bradley, 229 Iowa 92, 293 N. W. 858; List v. State of Pennsylvania, 131 U. S. 396, 9 S. Ct. 794, 33 L. Ed. 222; Singer v. United States, 323 U. S. 338, 65 S. Ct. 282, 89 L. Ed. 285; St. Pierre v. United States, 319 U. S. 41, 63 S. Ct. 910, 87 L. Ed. 1199 and annotations at page 1234, subdiv. V; State v. Kriechbaum, 219 Iowa 457, 258 N. W. 110, 96 A. L. R. 1317 and annotations at page 1322; 24 C. J. S., Criminal Law, sec. 1702 at page 381, notes 83-88, sec. 1825 at page 650, note 76; 17 C. J., Criminal Law, sec. 3512 at page 194, note 4, and 3 Am. Jur., Criminal Law, sec. 733 at page 311, note 17.)

It is therefore adjudged that the proceedings on appeal have permanently abated. The appeal is dismissed, the case closed and the trial court is directed to enter an appropriate order to that effect.

Associate Justices Angstman and Metcalf, and W. R. Flachsenhar and R. M. Hattersley, District Judges, sitting in place of Mr. Justice Bottomly and Mr. Justice Freebourn, disqualified, concur.