STATE, Respondent, v. PICHETTE, Appellant.

No. 9067.

Decided November 15, 1951.

237 Pac. (2d) 1076.

Mr. A. S. Ainsworth, Thompson Falls, Mr. George M. Tunison, Omaha, Neb., for appellant.

Mr. Arnold H. Olsen, Atty. Gen., Mr. Glen E. Cox, Asst. Atty. Gen., Eugene H. Mahoney, County Atty., Thompson Falls, Mr. John Risken, Sp. Asst. Atty. Gen., for Fish and Game Dept.

MR. CHIEF JUSTICE ADAIR:

Ed Pichette, a Flathead Indian and a member of the Confederated Salish and Kootenai Tribes, residing on the Flathead Indian reservation in Montana, was charged with unlawfully possessing certain beaver hides trapped off the Indian reservation and with unlawfully possessing parts of doe deer shot off the Indian reservation all during the closed season as fixed by Montana law.

Pichette admitted that he trapped the beaver and shot the deer off the reservation and during the closed season, his defense being that under the Hell Gate treaty of 1855 between the United States and the Confederated Tribes, 12 Stat. 975, 2 Kappler, Indian Affairs, 542, he had a right to hunt on open and unclaimed land within the borders of the 1855 cession without being subject to state's game laws and that the beaver were trapped and the deer shot on open and unclaimed land belonging to the United States and within the 1855 cession.

Pichette was tried by a jury in the district court of Sanders county, Montana. The court instructed the jury that the admission of Montana as a state superseded the treaty and that the treaty provision is no defense to charges involving violations of the state game laws.

The jury returned a verdict of guilty and fixed, as punishment, a fine of $25. From the judgment of conviction entered on such verdict Pichette appealed.

The appeal was assigned for oral argument before this court for October 31, 1951, at which time counsel for the state announced in open court and in the presence of counsel for appel-

lant that since the appeal was taken the appellant Ed Pichette had died, which statement correctly represents the facts. Thereupon this court ordered the setting vacated and directed all counsel in the cause to present credible proof of both the death and identity of the appellant Ed Pichette. Thereafter a duly certified copy of the death certificate and the affidavit of the undertaker conducting the funeral and burial of the appellant Ed Pichette were filed in this court and cause, showing that the appellant Ed Pichette had died on October 27, 1951, and that on November 3, 1951, funeral services were held and the appellant Pichette's body was buried in the Catholic cemetery at Jocko in Lake county, Montana.

In a criminal prosecution, the purpose of the proceedings ██ being to punish the accused, the action must necessarily abate upon his death, and where as here, it is made to appear by credible evidence that the accused has died, pending the determination of his timely appeal, the appeal abates. State v. Lawrence, 122 Mont. 277, 201 Pac. (2d) 756, and authorities therein cited. Compare: People v. Alexander, 101 Cal. App. 394, 281 Pac. 697; People v. St. Maurice, 166 Cal. 201, 135 Pac. 952; City of Salem v. Read, 187 Or. 437, 211 Pac. (2d) 481; Nott v. State, Okl. Cr. App., 218 Pac. (2d) 389; Hagan et al. v. State, 71 Okl. Cr. 262, 110 Pac. (2d) 928.

It is therefore considered, ordered, adjudged and decreed ██ that *all* proceedings in the above-entitled cause have *permanently* abated. The appeal is dismissed, the case closed and the trial court is directed to enter its appropriate order to that effect.

ASSOCIATE JUSTICES METCALF and FREEBOURN, concur.

ASSOCIATE JUSTICES BOTTOMLY and ANGSTMAN, not participating.