No. 97-361

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 67

_____

STATE OF MONTANA,        )
                         )
Plaintiff and Respondent,)
                         )        OPINION
v.                       )         AND
                         )        ORDER
F. JOE HOLLAND,          )
                         )
Defendant and Appellant. )


¶1  F. Joe Holland appeals from his conviction upon pleas of guilty to criminal syndicalism by accountability and threats and other improper influence in official and political matter, in proceedings held before the Twenty-First Judicial District Court, Ravalli County.  The appeal has been briefed and has been set for oral argument on April 21, 1998.

¶2  On March 10, 1998, the State of Montana moved to dismiss this appeal following the March 5, 1998 death of F. Joe Holland.  The State has filed with the Clerk of this Court a certified copy of the certificate of death for F. Joe Holland.  Holland's counsel has filed a response opposing the motion to dismiss.

¶3  This Court has consistently held that the death of an accused pending the appeal of a judgment of conviction abates the appeal.  State v. Cripps (1978), 177 Mont. 410, 412-13, 582 P.2d 312, 314; State v. Clark-Kotarski (1971), 156 Mont. 527, 528, 486 P.2d 876, 876-77; State v. Koble (1955), 129 Mont. 605, 605-06, 285 P.2d 837, 838; State v. Hale (1954), 128 Mont. 116, 117, 270 P.2d 993, 994; State v. Pichette (1951), 125 Mont. 327, 329, 237 P.2d 1076, 1077; State v. Lawrence (1949), 122 Mont.

277, 278, 201 P.2d 756. The Court has reasoned that the purpose of criminal proceedings is to punish the accused, and the action must therefore necessarily abate upon the accused's death. Pichette, 125 Mont. at 329, 237 P.2d at 1077.

¶4 The majority rule is that when a criminal defendant dies while his or her appeal is pending, the prosecution abates from the inception of the case. Tim A. Thomas, J.D., Annotation, Abatement of State Criminal Case by Accused's Death Pending Appeal of Conviction--Modern Cases, 80 A.L.R.4th 189 (1990). The annotation cites cases so ruling from twenty-seven states, plus the District of Columbia. In seven states--Hawaii, Kansas, New Jersey, New Mexico, Pennsylvania, Utah, and Wisconsin--courts have held or recognized that the death of a criminal defendant pending appeal did not abate the case from the beginning, and that the appeal may be prosecuted notwithstanding the death of the defendant. Montana joins New Hampshire, Oregon, Pennsylvania, South Carolina, and Texas in the list of jurisdictions which have held or recognized that when a defendant dies pending appeal of a criminal conviction, the appeal abates. While this Court has never affirmatively stated that abatement applies only to a then-pending appeal, none of the Montana cases cited above have made reference to abating the underlying criminal proceedings.

¶5 Counsel for Holland urges the Court to abandon its precedent and adopt the reasoning of the minority of jurisdictions which allow an appeal to be decided on the merits after the death of a criminal defendant, citing, inter alia, State v. Salazar (N.M. 1997), 945 P.2d 996. Counsel asserts that resolving the issues in this appeal would be in the best interests of society and the justice system. Counsel maintains that Holland pled guilty to the charges against him for the specific purpose of testing the constitutionality of the Montana laws which he was charged with violating.

¶6 Section 37-61-401(2), MCA, provides:
        The death of a party to an action or
    proceeding does not revoke the authority of

his attorney of record in said action or proceeding, but the authority of the attorney is continued in all respects the same and with like effect as it was prior to the death of such party until such attorney shall withdraw his appearance in said action or proceeding or some other attorney shall be substituted for him or his authority shall be otherwise terminated and entry thereof made to appear in the record of such action or proceeding.

In a criminal case, however, no case or controversy remains upon the death of the defendant.  If the judgment of the trial court sentencing Holland to prison were affirmed, it would be impossible to execute it.  If it were reversed, Holland would not be available for trial on the charges to which he pled guilty.  "This Court does not issue advisory opinions."   State ex rel. Fletcher v. Dist. Court (1993), 260 Mont. 410, 419, 859 P.2d 992, 997.

¶7  Holland's counsel points out that Holland's sentence included two $15,000 fines, which he contends could be enforced against Holland's estate, although the State responds that it is uncertain whether it will seek to collect the fines under the circumstances.  Nothing has been filed by anyone claiming to represent Holland's estate asking that counsel be allowed to pursue this appeal on behalf of the estate.  Furthermore, while the Montana Rules of Appellate Procedure provide for the substitution of a personal representative for a deceased party in an appeal of a civil case, the rules do not so provide in an appeal of a criminal case.  See Rule 37, M.R.App.P.

¶8  We conclude that counsel for Holland has set forth no good reason why this Court should reverse its long-standing rule that a criminal appeal is abated when the appellant dies during its pendency.  It further appears to us that the best reasoning is represented by the majority of jurisdictions which hold that a criminal proceeding is abated in its entirety upon the death of the criminal defendant. The rationale, as set forth by the Supreme Court of

Arizona, is that the interests of the state in protecting society have been satisfied, the imposition of punishment is impossible, and further collection of fines or forfeiture would result in punishing innocent third parties.  State v. Griffin (Ariz. 1979), 592 P.2d 372, 373.  We now join the majority of jurisdictions in holding that prosecution of a criminal case abates in its entirety, including fines, upon the death of the criminal defendant.  We hereby clarify Cripps, Clark-Kotarski, Koble, Hale, Pichette, and Lawrence  to the extent to which they may appear to be inconsistent with our holding herein.

¶9  IT IS HEREBY ORDERED that the order setting this case for oral argument is vacated, and the appeal is DISMISSED.  The Clerk of Court is instructed to return the record to the District Court for further proceedings consistent with this Opinion and Order.

¶10 DATED this 24th day of March, 1998.

                    /S/  J. A. TURNAGE
                    /S/  JIM REGNIER
                    /S/  JAMES C. NELSON
                    /S/  KARLA M. GRAY
                    /S/  WILLIAM E. HUNT, SR.

Justices W. William Leaphart and Terry N. Trieweiler would order a response from the State of Montana in regard to abating the fines.