(No. 86110

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. WILL ROBINSON *et al.*, Appellants.

*Opinion filed September 23, 1999.*

Rita A. Fry, Public Defender, of Chicago (Lester Finkle, Emily Eisner and Evelyn G. Baniewicz, Assistant Public Defenders, of counsel), for appellants.

James E. Ryan, Attorney General, of Springfield, and

Richard A. Devine, State's Attorney, of Chicago (William L. Browers, Assistant Attorney General, of Chicago, and Renee Goldfarb, Judy L. DeAngelis and Mary L. Boland, Assistant State's Attorneys, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:
In these consolidated appeals, defendants died while the direct appeals of their criminal convictions were pending before the appellate court. The appellate court dismissed the appeals but declined to void the defendants' convictions (298 Ill. App. 3d 866) entered in the circuit court of Cook County. We affirm in part, reverse in part, and reaffirm the rule this court established in *People v. Mazzone*, 74 Ill. 2d 44 (1978), that when a defendant dies while his direct appeal is pending, the appeal must be dismissed and his conviction must be abated *ab initio*.

## FACTS

Defendant John Dunn was convicted of voluntary manslaughter and sentenced to 24 years in prison. Defendant Amanda Wallace was convicted of first degree murder and sentenced to natural life in prison. Defendant Glennon Dye was convicted of aggravated criminal sexual assault and sentenced to 30 years in prison. Each defendant died while his or her direct appeal was pending in the appellate court: defendants Wallace and Dye committed suicide and defendant Dunn died of cancer.

Counsel representing defendants filed separate motions in the appellate court to dismiss defendants' appeals and vacate their convictions. The appellate court consolidated the individual motions and dismissed defendants' appeals, but refused to vacate their convictions. The appellate court held that the enactment of the Crime Victim's Rights Amendment to the Illinois Constitution (Ill. Const. 1970, art. I, § 8.1 (eff. November 3, 1992)) required the court to consider the rights of the victims when deciding whether defendants' convictions

should be abated *ab initio*. The appellate court held that it would not abate defendants' convictions because abatement would have a "senselessly harsh impact on the psychological well-being" of crime victims and their families by implying that defendants have somehow been exonerated.

This court granted the petition for leave to appeal filed by counsel representing defendants. 177 Ill. 2d R. 315(a).

## ANALYSIS

In *People v. Mazzone*, 74 Ill. 2d 44 (1978), this court held that when a defendant dies while his direct appeal is pending before the appellate court, all of the criminal proceedings abate *ab initio*, from their inception. The rule adopted by this court in *Mazzone* recognizes that the purpose of criminal prosecutions is to punish the defendant; continuing criminal proceedings when the defendant is dead is a useless act. *Mazzone*, 74 Ill. 2d at 46. The State argues that *Mazzone* was wrongly decided and should be overruled based on the changes in the law contained in the Crime Victim's Rights Amendment.

The Crime Victim's Rights Amendment provides crime victims with a set of 10 distinct rights in criminal prosecutions. The State points specifically to two of these freshly minted constitutional rights of victims: the right to "be treated with fairness and respect for their dignity and privacy throughout the criminal justice process" (Ill. Const. 1970, art. I, § 8.1(a)(1)), and the right to restitution (Ill. Const. 1970, art. I, § 8.1(a)(10)). Unfortunately for the State's argument, the Crime Victim's Rights Amendment has neither application nor reference to the abatement of criminal prosecutions. That is to say, it is wholly irrelevant to the issue at hand.[1]

This court has acknowledged that compelling reasons

---

[1] The statute enacted by the General Assembly to enforce the

*may* require a departure from prior precedent, but it has also recognized that it will not depart from precedent "merely because the court is of the opinion that it might decide otherwise were the question a new one." *Maki v. Frelk*, 40 Ill. 2d 193, 196-97 (1968), citing *Prall v. Burckhartt*, 299 Ill. 19 (1921). The rule established in *Mazzone* that a defendant's conviction abates *ab initio* if defendant dies while his direct appeal is pending has been the law in Illinois for over twenty years and "should be deemed controlling until and unless the General Assembly provides otherwise." *Kinsey Distilling Sales Co. v. Foremost Liquors Stores, Inc.*, 15 Ill. 2d 182, 188 (1958).

## CONCLUSION

For the reasons stated above, the judgments of the appellate and circuit courts are vacated.

*Judgments vacated.*

Crime Victim's Rights Amendment (725 ILCS 120/1 *et seq.* (West 1996)) is also irrelevant to the matter of abatement of criminal prosecutions.