The estate of Matthew Ryan Cook (hereinafter referred to as "the Estate") petitioned this Court for a writ of certiorari. We granted the Estate's petition to consider an issue of first impression in this State — what is the effect of a defendant's death upon a defendant's conviction for a crime when the death occurs while the defendant is challenging that conviction by an appeal taken as a matter of right? We conclude that the conviction abates from its inception, and we remand the cause.
On November 17, 1998, Matthew Ryan Cook was convicted in the Gadsden Municipal Court (hereinafter referred to as "the municipal court") of the offense of driving under the influence. On December 8, 1998, Cook filed a notice of appeal to the Etowah County Circuit Court (hereinafter referred to as "the circuit court") for a trial de novo. On September 17, 1999, the circuit court entered the following order on its case action summary:
 "This case having been tried and submitted to a jury but the jury unable to reach a unanimous verdict, a mistrial is hereby declared and the case returned to the next criminal appeals jury docket."
On January 16, 2001, before a second trial was conducted, counsel for Cook filed a *Page 917 
suggestion of death and a motion to continue the trial.[1] On that same day, the circuit court granted the motion to continue. On March 13, 2001, the City of Gadsden (hereinafter referred to as "the City") filed a motion seeking a dismissal of Cook's appeal to the circuit court and a remand of the case to the municipal court, and counsel for Cook filed a motion to dismiss the City's prosecution of the driving-under-the-influence claim, arguing, in part, that Cook's death constituted an abatement of his prosecution and that the conviction in the municipal court was a nullity. On that same day, the circuit court entered an order stating that Cook's death terminated his appeal to that court and that the Estate could not pursue an appeal, and it remanded the cause to the municipal court.
On March 19, 2001, the Estate filed a notice of appeal to the Court of Criminal Appeals. On November 21, 2001, relying on the fact of Cook's death, that court dismissed the appeal as moot, citing Rule 43(a), Ala.R.App.P.; Evans v. State, 728 So.2d 1164 (Ala.Crim.App. 1998);Kennedy v. State, 690 So.2d 1225 (Ala.Crim.App. 1997). Cook v. City ofGadsden, (No. CR-00-1259, November 21, 2001) 851 So.2d 633
(Ala.Crim.App. 2001) (table). On January 4, 2002, the Estate petitioned this Court for a writ of certiorari.
The Estate's petition presents a question this Court has not previously addressed — whether, under the circumstances presented here, the conviction in the municipal court should abate or whether it should remain a valid judgment. It is a settled proposition of law in this State that when a criminal defendant dies during the course of an appeal, the appeal is abated. See Stallworth v. State, 726 So.2d 761 (Ala.Crim.App. 1998); Kennedy v. State, supra; Ulmer v. State, 39 Ala. App. 519,104 So.2d 766 (1958); Morgan v. State, 30 Ala. App. 510, 9 So.2d 33
(1942); Ex parte Rosenblum, 98 So. 219 (Ala. 1923); Browning v. State,68 So. 545 (Ala.Ct.App. 1915). However, the status of the underlying conviction being challenged by that appeal has never been addressed. Accordingly, we consider the treatment of this issue by other jurisdictions.
This issue has been addressed by the federal courts on numerous occasions. In United States v. Christopher, 273 F.3d 294 (3d Cir. 2001), the United States Court of Appeals for the Third Circuit effectively summarized the federal courts' treatment of this issue as follows:
 "The Supreme Court of the United States encountered the issue a number of times in its early history. See, e.g., List v. Pennsylvania, 131 U.S. 396, 9 S.Ct. 794, 33 L.Ed. 222 (1888). Rather than catalog those cases, however, we think it appropriate to begin in more modern times with Durham v. United States, 401 U.S. 481, 91 S.Ct. 858, 28 L.Ed.2d 200 (1971).
 "In Durham, the Court of Appeals for the Ninth Circuit had affirmed the defendant's conviction, and the petition for certiorari had been filed before the defendant died. 401 U.S. at 481, 91 S.Ct. 858. The Supreme Court granted the petition for certiorari, vacated the judgment of the Court of Appeals, and remanded the case to the District Court with directions to dismiss the indictment. Id. at 483, 91 S.Ct. 858. The Supreme Court observed that `[i]n federal criminal cases [it had] developed the practice of dismissing the writ of certiorari and remanding the cause to the court below.' Id. at 482, 91 S.Ct. 858. Basically, the Court allowed the scope of abatement to be determined by the lower federal courts. *Page 918 
 "A few years later, the Court dismissed a petition for certiorari in a factually identical situation. See Dove v. United States, 423 U.S. 325, 96 S.Ct. 579, 46 L.Ed.2d 531 (1976). The Court explained that `[t]o the extent that Durham . . . may be inconsistent with this ruling, Durham is overruled.' Id. at 325, 96 S.Ct. 579; see also Kelly v. Matusiak, 479 U.S. 805, 107 S.Ct. 248, 93 L.Ed.2d 172 (1986) (petition for certiorari dismissed); Mintzes v. Buchanon, 471 U.S. 154, 105 S.Ct. 2006, 85 L.Ed.2d 120 (1985) (order granting certiorari vacated, petition for certiorari dismissed); Warden, Green Haven State Prison v. Palermo, 431 U.S. 911, 97 S.Ct. 2166, 53 L.Ed.2d 221
(1977) (petition for certiorari dismissed).
 "In most criminal cases, proceedings in the Supreme Court differ from those in the Courts of Appeals in one fundamental respect: appeals to the Courts of Appeals are of right, but writs of certiorari are granted at the discretion of the Supreme Court. The prevailing practice of the Supreme Court to dismiss petitions for certiorari upon the death of the convicted defendant, therefore, does not readily transfer to the Courts of Appeals.
 "Faced with circumstances similar to those presented here, the Court of Appeals for the Seventh Circuit, while acknowledging Durham and Dove, concluded that when `death has deprived the accused of his right' to review by a Court of Appeals, `the interests of justice ordinarily require that he not stand convicted without resolution of the merits of his appeal, which is an integral part of [our] system for finally adjudicating [his] guilt or innocence.' United States v. Moehlenkamp, 557 F.2d 126, 128 (7th Cir. 1977) (internal quotations omitted). The Court concluded that the appeal was moot, vacated the conviction, and remanded the case to the District Court to dismiss the indictment. Id.
 "Other courts have reached the same result. See United States v. Wright, 160 F.3d 905, 908 (2d Cir. 1998) (interests of justice require that conviction not stand without resolution of the merits of an appeal); United States v. Zizzo, 120 F.3d 1338, 1346
(7th Cir. 1997) (abating conviction of defendant who died before the Court was able to decide his appeal on the merits and remanding with instructions to vacate conviction and dismiss indictment); United States v. Logal, 106 F.3d 1547, 1552 (11th Cir. 1997) (criminal conviction not final until resolution of defendant's appeal as a matter of right); United States v. Pogue, 19 F.3d 663, 665 (D.C. Cir. 1994) (citing cases holding the same from the Courts of Appeals for the Second, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth and Eleventh Circuits).
 "Thus, the rule followed almost unanimously by the Courts of Appeals is that a conviction abates on the death of the accused before his appeal has been decided. . . ."
273 F.3d at 296-97.
Our review of the jurisprudence of other states shows that a majority follow this same rule, and some have provided compelling policy reasons in support thereof.[2] See People v. Robinson, 187 Ill.2d 461, 463,719 N.E.2d 662, 663, 241 Ill. Dec. 533, 534 (1999) ("the purpose of criminal prosecutions is to punish the defendant; continuing criminal proceedings when the *Page 919 
defendant is dead is a useless act"); State v. Holland, 288 Mont. 164,167, 955 P.2d 1360, 1362 (1998) (adopting rationale for abating criminal proceeding upon defendant's death set forth by the Arizona Supreme Court "that the interests of the state in protecting society have been satisfied, the imposition of punishment is impossible, and further collection of fines or forfeiture would result in punishing innocent third parties"); State v. Hoxsie, 570 N.W.2d 379, 382 (S.D. 1997) ("Mere dismissal of the appeal, without abatement of the proceedings ab initio, would permit a judgment to stand that is not final."); Gollott v. State,646 So.2d 1297, 1300 (Miss. 1994) ("What is obvious is that society needs no protection from the deceased. . . . Moreover, other potential criminals will be no less deterred from committing crimes. In the abatement ab initio scheme, the judgment is vacated and the indictment is dismissed, but only because the convicted defendant died. Surely this would not give peace of mind to the criminally inclined."); State v.McClow, 395 So.2d 757, 758 (La. 1981) (abatement has as its purpose "serving the interest of the surviving family in preserving, unstained, the memory of the deceased defendant or his reputation"); State v.Griffin, 121 Ariz. 538, 592 P.2d 372 (1979) (rationale adopted in Statev. Holland, supra); State v. Carter, 299 A.2d 891, 895 (Me. 1973) ("By such principle of abatement, ab initio, there is avoided, likewise, danger of any potential collateral carry-over to affect personal or property rights of survivors of the deceased defendant or other persons.").
We are persuaded by these authorities; we conclude that Cook's conviction in the municipal court is due to be vacated as a result of his death during the course of his de novo appeal to the circuit court. The facts of this case present an appropriate occasion for the application of the ab initio abatement rule. At the time of Cook's death, he was exercising an appeal as of right; further, his appeal to the circuit court was de novo; he was being retried as if the municipal court conviction did not exist, and he had no burden to show reversible error — the City had the burden of proving his guilt. § 12-14-70(c), Ala. Code 1975; Rule 30, Ala.R.Crim.P. Cook's first trial in the circuit court resulted in a hung jury, and a second trial could not be had because of his death.
We conclude, as did the Court of Criminal Appeals, based upon this State's existing caselaw, that Cook's appeal has abated as a result of his death. We further conclude, however, in line with the majority of other jurisdictions addressing this matter, that Cook's conviction in the municipal court is also due to be vacated.[3] Accordingly, we remand the cause to the Court of Criminal Appeals for that court to remand for the municipal court to vacate Cook's conviction.
REMANDED WITH DIRECTIONS.
Houston, See, Lyons, Brown, Johnstone, Woodall, and Stuart, JJ., concur.
Moore, C.J., recuses himself.
[1] The second trial had been continued three times on Cook's motions.
[2] See Tim A. Thomas, Abatement of State Criminal Case by Accused'sDeath Pending Appeal of Conviction — Modern Cases, 80 A.L.R. 4th 189 (1990), for a collection of the states following this majority rule.
[3] Because the issue has not been presented in this case, we do not address whether the abatement ab initio rule applies when the death of a criminal defendant occurs during the course of a discretionary appeal. *Page 920