The appellant, Donald Ray Wheat, was convicted of five counts of capital murder and was sentenced to death. The notice of appeal was filed with this Court on June 12, 2003.[1] Judge Samuel Monk has filed a "Notice of Death" with this Court, in which he states:
 "Please take notice that the above-named Defendant, whose case is currently on automatic appeal from a sentence of death and which case is temporarily before the undersigned on a Motion for New Trial following appointment of new counsel, has died while in custody of the Department of Corrections. The Defendant's date of death, which has been verified, was May 6, 2004."
The State citing the Alabama Supreme Court case of Ex parteEstate of Cook, 848 So.2d 916 (Ala. 2002), has filed a motion to declare the appeal moot. It contends that we should dismiss the appeal but that we should not direct that Wheat's convictions be set aside as the Alabama Supreme Court set aside the municipal-court conviction in Cook. It asserts that the holding in Cook was limited to an appeal to the circuit court from a conviction *Page 459 
in the municipal court. Last, the State argues that as a matter of public policy we should merely dismiss the appeal and not set aside Wheat's convictions because, it argues, "[b]y vacating Wheat's capital murder convictions, this Court would be stripping away the sense of justice and closure that is the right of every victim's family." (State's motion at page 6.)
The Alabama Supreme Court in Cook granted a petition for a writ of certiorari to determine the "effect of a defendant's death upon a defendant's conviction for a crime when the death occurs while the defendant is challenging that conviction by an appeal taken as a matter or right." 848 So.2d at 916. The defendant in Cook died while he was appealing a conviction entered in a municipal court for a trial de novo in the circuit court. The Supreme Court recognized that Alabama has held that an appeal abates when a defendant dies but that we had never addressed the status of the underlying conviction that is the subject of the appeal. Citing federal caselaw, the Supreme Court in Cook joined the majority of jurisdictions and held that when a defendant dies during the pendency of an appeal as of right the conviction is abated from its inception. There is no indication in the Supreme Court's opinion that its holding in Cook is limited to an appeal to the circuit court from a municipal court conviction. Indeed, the Supreme Court noted that its holding did not address those situations where a defendant dies when he is exercising a discretionary appeal in the state courts, i.e., certiorari review in the Alabama Supreme Court.
The overwhelming consensus among the 50 states is that a conviction abates from its inception when a defendant dies during the pendency of his/her appeal as of right. As the Montana Supreme Court noted in State v. Holland, 288 Mont. 164,955 P.2d 1360 (1998):
 "The majority rule is that when a criminal defendant dies while his or her appeal is pending, the prosecution abates from the inception of the case. Tim A. Thomas, J.D., Annotation, Abatement of State Criminal Case by Accused's Death Pending Appeal of Conviction — Modern Cases, 80 A.L.R.4th 189 (1990). The annotation cites cases so ruling from twenty-seven states, plus the District of Columbia. In seven states — Hawaii, Kansas, New Jersey, New Mexico, Pennsylvania, Utah, and Wisconsin — courts have held or recognized that the death of a criminal defendant pending appeal did not abate the case from the beginning, and that the appeal may be prosecuted notwithstanding the death of the defendant."
288 Mont. at 165, 955 P.2d at 1361-62. The rationale for this rule was aptly stated by a federal court in United States v.Rorie, 58 M.J. 399, 400-01 (C.A.A.F. 2003):
 "Two reasons are commonly advanced in support of abatement ab initio upon the death of a criminal defendant/appellant. The first reason advanced relates to the interests of justice. The 7th Circuit Court of Appeals has noted that `the interests of justice ordinarily require that [a defendant] not stand convicted without resolution of the merits of his appeal' and echoed the Supreme Court's view that such an appeal `is an "integral part of [our] system for finally adjudicating [the] guilt or innocence [of a defendant]".' United States v. Moehlenkamp, 557 F.2d 126, 128 (7th Cir. 1977). . . .
 "Death arguably disrupts appellate adjudication and may leave an unreviewed conviction that is unsound, unlawful, or unjust. Confidence may be lacking in such conviction; they should *Page 460 
not serve as the basis for finality. See [United States v.] Logal, 106 F.3d [1547] at 1552 [(11th Cir. 1997)] (`[A] criminal conviction is not final until resolution of the defendant's appeal as a matter of right'); [United States v.] Pogue, 19 F.3d [663] at 665-66 [(D.C. Cir. 1994)] (rejecting arguments against abatement ab initio even when the conviction is based on a guilty plea). Thus, where `death has deprived the accused of his right to [an appellate] decision,' abatement serves the interests of justice by removing criminal convictions that do not have the necessary basis for confidence to support finality. Moehlenkamp, 557 F.2d at 128.
 "The second reason advanced is that the penal purposes of a criminal proceeding are defeated by the death of the defendant. Charges, trial, conviction, and sentences are directed at and punish the individual. Those purposes can not be served after the defendant has passed away. See United States v. Asset, 990 F.2d 208, 211 (5th Cir. 1993); United States v. Pomeroy, 152 F. 279, 282 (C.C.S.D.N.Y. 1907). `[S]huffling off the mortal coil completely forecloses punishment, incarceration, or rehabilitation, this side of the grave at any rate.' United States v. Dudley, 739 F.2d 175, 177 (4th Cir. 1984)."
See also State v. Korsen, No. 28196, January 21, 2004 (Idaho Ct.App. 2004) United States v. Schumann,861 F.2d 1234, 1236 (11th Cir. 1988) ("It is a well-settled principle of law that all criminal proceedings abate ab initio when the defendant dies pending direct appeal of his criminal conviction."); People v. Robinson, 187 Ill.2d 461, 463,719 N.E.2d 662, 663, 241 Ill.Dec. 533, 534 (1999) ("The rule adopted by this court . . . recognizes that the purpose of criminal prosecutions is to punish the defendant; continuing criminal proceedings when the defendant is dead is a useless act.").
The Supreme Court in Cook intended to adopt the rule followed by the majority of state and federal jurisdictions — when a defendant dies while an appeal as of right of his or her conviction is pending the prosecution abates abinitio.[2] We are bound by the decisions of the Alabama Supreme Court. § 12-3-16, Ala. Code 1975. Wheat died while his appeal granted to him as of right by statute was pending before this Court. According to the reasoning of Cook, Wheat's conviction was not entitled to any degree of finality.
For the reasons stated by the Alabama Supreme Court in Cook, we remand this case for the Calhoun Circuit Court to set aside Wheat's capital-murder convictions. If the State believes that our interpretation of Cook is contrary to the intent of the Supreme Court, we invite the State to seek review in that court by filing a petition for a writ of certiorari. Due return should be filed in this Court within 42 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ., concur.
[1] An appeal from a capital-murder conviction and sentence of death is automatic. See § 13A-5-53, Ala. Code 1975.
[2] "Ab initio" is defined as "[f]rom the beginning."Black's Law Dictionary 4 (7th ed. 1999). *Page 461