BASCHAB, Judge,
dissenting.
The majority bases its decision in this case upon the fact that the appellant’s counsel filed his motions to stay the appeal and to remand the appeal after this court had issued a certificate of judgment in this case. This court issued a certificate of judgment twenty days after we released our original decision in this case. Although it was stamped as filed in this court the day after this court issued a certificate of judgment in this case, counsel actually dated and placed his motion to stay the appeal in the mail the day before this court issued a certificate of judgment in this case. Also, the record does not indicate that counsel unduly delayed in presenting the information about the appellant’s death to this court. Therefore, the date counsel filed the motions should not be determinative in this case.
Rather, the determinative date in this case should be the date the appellant died. We issued our original decision one day before the appellant died. However, “[a] party who has not prevailed may apply for a rehearing by filing an application for rehearing.” Rule 40(a), Ala. R.App. P.
“An application for rehearing and the brief in support of the application must be filed with the clerk of the appropriate appellate court within 14 days (2 weeks) of the date the decision being questioned is issued.... ”
Rule 40(e), Ala. R.App. P. Therefore, after we issued our decision, the appellant could have filed an application for a rehearing with this court. With regard to applications for rehearings, in Kinsey v. State, *1092 545 So.2d 200, 203-04 (Ala.Crim.App.1989), we explained:
“In Alabama, all persons convicted of a criminal offense are granted the right to an appeal by Alabama Code 1975, § 12-22-130. This appeal is a right granted to the defendant and is to the Court of Criminal Appeals. Alabama Code 1975, § 12-3-9. Any subsequent review of a criminal conviction by a higher state appellate court is by writ of certiorari to the Alabama Supreme Court. Review by certiorari is entirely discretionary with our Supreme Court (except in capital cases). See A.R.A.P. Rule 39; Ex parte Sellers, 250 Ala. 87, 33 So.2d 349 (1948). The Supreme Court will consider a petition for writ of certiorari ‘only after the court of appeals has overruled an application for rehearing....’ A.R.A.P. Rule 39(a). Thus, a rehearing by this Court lies somewhere between a defendant’s first appeal as a matter of right and a subsequent discretionary review.
“With regard to rehearings,
“ ‘it is generally the rule that, except in cases provided for by statute, a rehearing is not a matter of right, but a privilege given by the appellate court, and governed and limited by its rules. Accordingly it is often held that an application for a rehearing of an appeal addresses itself to the discretion of the court, and its decision in the matter is final.’ 5 C.J.S. Appeal & Error § 1409 (1958) (footnotes omitted) (emphasis added).
“Section 12-22-130, which provides for an appeal as of right, does not contain any reference to a rehearing. We have not found any statute which grants rehearing by this Court as a matter of right.
“ ‘Where a rehearing is not a matter of right, ... the petition or application amounts to merely a friendly suggestion to the court informing it of its oversight or errors.’ 5 C.J.S. Appeal & Error § 1428 (1958) (footnote omitted). The courts of this state have never explicitly held that a rehearing is a matter of right. However, our courts have consistently treated a rehearing as a matter within the discretion of the court to which the application is addressed. ‘The office of an application for rehearing is to invite a re-examination of the questions decided in respect to their soundness as applied to the merits of the case as presented on appeal .... ’ Redd Chemical & Nitrate Co. v. W.T. Clay Mercantile Co., 219 Ala. 478, 479, 122 So. 652, 653 (1929) (rehearing before Supreme Court). In overruling an application for rehearing in Gossett v. Pratt, 250 Ala. 300, 301, 34 So.2d 145, 146 (1947), the Supreme Court stated: ‘The object and purpose of an application for rehearing is to invite review by the court as to the correctness of the opinion and judgment of the court as presented on the record upon which the case is submitted.’ Although Redd Chemical and Gossett involved applications for rehearing before our state Supreme Court, the principle under consideration applies to the intermediate appellate courts. In Redwine v. State, 36 Ala.App. 560, 569, 61 So.2d 715, 723, cert. denied, 258 Ala. 196, 61 So.2d 724 (1952), the Alabama Court of Appeals observed: ‘An application for rehearing amounts to merely a friendly suggestion to an appellate court informing [the court] of possible errors in its rendered opinion.’ (Emphasis added). Further indication of the discretionary nature of a rehearing is found in Saylor v. State, 278 Ala. 297, 177 So.2d 926 (1965), cert. denied, Saylor v. Alabama, 383 U.S. *1093 917, 86 S.Ct. 909, 15 L.Ed.2d 671 (1966). In response to the defendant’s contention that the Court of Appeals ‘erred, as a matter of law, in denying the motion for a rehearing,’ the Supreme Court noted that ‘[i]t was within the discretion of the Court of Appeals as to whether that court would set aside its opinion, set aside the submission of the cause and restore it to the docket.’ 278 Ala. at 297, 177 So.2d at 927.”
In Ex parte Estate of Cook, 848 So.2d 916 (Ala.2002), the Alabama Supreme Court held that, when a defendant who has been convicted of a crime dies while he is challenging that conviction by an appeal taken as a matter of right, the conviction abates from its inception. In a footnote, the court also stated: “Because the issue has not been presented in this case, we do not address whether the abatement ab ini-tio rule applies when the death of a criminal defendant occurs during the course of a discretionary appeal.” Cook, 848 So.2d at 919 n. 3.
Because the appellant died one day after this court issued a decision on his appeal, this court should determine whether to apply the abatement ab initio rule to this case — a case in which the appellant died during the time he had the option of pursuing a discretionary review by filing an application for a rehearing. Several courts rely on Dove v. United States, 423 U.S. 325, 96 S.Ct. 579, 46 L.Ed.2d 531 (1976), for the proposition that, if a defendant dies during the pendency of a discretionary appeal, the appeal should be dismissed. See State v. Hoxsie, 570 N.W.2d 379 (S.D. 1997). However, in Cook, the Alabama Supreme Court noted:
“Our review of the jurisprudence of other states shows that a majority follow [the abatement ab initio ] rule, and some have provided compelling policy reasons in support thereof. See People v. Robinson, 187 Ill.2d 461, 463, 719 N.E.2d 662, 663, 241 Ill.Dec. 533, 534 (1999) (‘the purpose of criminal prosecutions is to punish the defendant; continuing criminal proceedings when the defendant is dead is a useless act’); State v. Holland, 288 Mont. 164, 167, 955 P.2d 1360, 1362 (1998) (adopting rationale for abating criminal proceeding upon defendant’s death set forth by the Arizona Supreme Court ‘that the interests of the state in protecting society have been satisfied, the imposition of punishment is impossible, and further collection of fines or forfeiture would result in punishing innocent third parties’); State v. Hoxsie, 570 N.W.2d 379, 382 (S.D.1997) (‘Mere dismissal of the appeal, without abatement of the proceedings ab initio, would permit a judgment to stand that is not final.’); Gollott v. State, 646 So.2d 1297, 1300 (Miss. 1994) (‘What is obvious is that society needs no protection from the deceased .... Moreover, other potential criminals will be no less deterred from committing crimes. In the abatement ab initio scheme, the judgment is vacated and the indictment is dismissed, but only because the convicted defendant died. Surely this would not give peace of mind to the criminally inclined.’); State v. McClow, 395 So.2d 757, 758 (La.1981) (abatement has as its purpose ‘serving the interest of the surviving family in preserving, unstained, the memory of the deceased defendant or his reputation’); State v. Griffin, 121 Ariz. 538, 592 P.2d 372 (1979) (rationale adopted in State v. Holland, supra); State v. Carter, 299 A.2d 891, 895 (Me.1973) (‘By such principle of abatement, ab initio, there is avoided, likewise, danger of any potential collateral carry-over to affect personal or property rights of survivors of the deceased defendant or other persons.’).”
*1094 848 So.2d at 918-19 (footnote omitted) (emphasis added).
The policy reasons quoted in Cook mandate application of the abatement ab initio rule to cases involving discretionary appeals. Therefore, this court should conclude that the appellant’s appeal has abated as a result of his death and that his conviction in the circuit court should also be vacated. Accordingly, we should remand this case to the circuit court for that court to vacate the appellant’s conviction.
For the above-stated reasons, I respectfully dissent.