907 So.2d 461 (2005)
Ex parte State of Alabama.
(In re Donald Ray WHEAT).
v.
STATE of Alabama.
No. 1031845.
Supreme Court of Alabama.
January 7, 2005.
Troy King, atty. gen., and J. Clayton Crenshaw and Jeremy W. McIntire, asst. attys. gen., for petitioner.
Valerie L. Goudie, Anniston, for respondent.
PER CURIAM.
Donald Ray Wheat was convicted of five counts of capital murder and was sentenced to death, based upon a plea of guilty. A notice of appeal was filed with the Court of Criminal Appeals on June 12, 2003.
On May 6, 2004, while his appeal was pending, Wheat died. After the trial court advised the Court of Criminal Appeals of Wheat's death, the Court of Criminal Appeals issued an opinion on June 18, 2004, remanding the case for the trial court to set aside Wheat's capital-murder convictions. Wheat v. State, 907 So.2d 458 (Ala. Crim.App.2004). The Court of Criminal Appeals based its decision on this Court's case of Ex parte Estate of Cook, 848 So.2d 916 (Ala.2002). The State petitioned this Court for certiorari review; we granted the State's petition and we reverse and remand.
In Ex parte Estate of Cook, Cook was convicted in the municipal court of driving under the influence. He appealed to the circuit court for a trial de novo. When the jury was unable to reach a unanimous verdict, the trial court declared a mistrial. Before he could be retried, Cook died; his de novo appeal was dismissed and the case was remanded to the municipal court. Cook's estate appealed, seeking to have his conviction vacated. Relying on the fact of Cook's death, the Court of Criminal Appeals dismissed the appeal as moot, without an opinion. Cook v. City of Gadsden (No. CR-00-1259), 851 So.2d 633 (Ala. Crim.App.2001) (table). The estate petitioned this Court for a writ of certiorari. This Court granted the petition and, in a *462 case of first impression, held that Cook's conviction had abated ab initio upon his death during the course of his appeal as of right.
An appeal from the municipal court to the circuit court requires a "trial de novo." See § 12-14-70(a), Ala.Code 1975. In Louisville & Nashville R.R. v. Lancaster, 121 Ala. 471, 473-74, 25 So. 733, 735 (1899), this Court stated:
"[After appeal from a judgment of a justice of the peace] the case is to be tried in the circuit court de novo; or, in other words, as if no trial had ever been had, and just as if it had originated in the circuit court. The appeal when taken operates to annul and vacate the entire judgment of the justice of the peace, and not a part only of the judgment. The judgment of the justice cannot upon the trial in the circuit court be looked to as a matter of evidence or of estoppel. `The judgment of the justice is not reversed or affirmed; but a new, distinct, and independent judgment, as may be required by the merits shown on the trial, is rendered by the city or circuit court.' Abraham v. Alford, 64 Ala. 281 [(1879)]; Harsh et al. v. Heflin, 76 Ala. 499 [(1884) ]."
(Emphasis added.)
A conviction in the circuit court removes the presumption of innocence, and the pendency of an appeal does not restore that presumption. See Ex parte Alabama State Bar, 285 Ala. 191, 194, 230 So.2d 519, 522 (1970), quoting with approval from federal authority, as follows:
"The federal court in United States v. Esters, 161 F.Supp. 203 [(W.D.Ark. 1958)], said that the presumption of innocence no longer attends the defendant after conviction, and on the contrary the presumption is that the proceedings were regular, the evidence sufficient and the trial free from error. While the appeal suspends the execution of the sentence of the criminal court pending appeal, Rule 38(a)(2) Federal Rules of Criminal Procedure, Tit. 18, U.S.C.A., Tit. 15, § 372, Code of Alabama, 1940, Recompiled 1958, the matter of the conviction remains and continues to exist. In re Kirby, D.C., 84 F. 606 [(D.S.D. 1898)]."
(Emphasis added.)
In Cook, the appeal for a trial de novo operated to "annul and vacate the entire judgment." Lancaster, 121 Ala. at 473, 25 So. at 735. Wheat, however, was convicted in the circuit court, and his appeal was not a de novo appeal; thus, he was no longer entitled to the presumption of innocence. Cook is therefore distinguishable. We decline to apply the abatement ab initio rule under the circumstances presented in this case.
In holding as we do in this case, we recognize that we face difficult choices. In a case such as this one, the conviction has not been tested on appeal, yet abating it ab initio presumes that the appeal, if it had proceeded to conclusion, would have resulted in a reversal of the judgment with an instruction to the trial court to enter a judgment of acquittal. Merely allowing the conviction to stand, on the other hand, presumes that the appeal would have been unsuccessful.
The rules governing resolution of this issue in the various state and federal courts are not uniform. In People v. Robinson, 298 Ill.App.3d 866, 699 N.E.2d 1086, 232 Ill.Dec. 901 (1998), an Illinois intermediate appellate court summarized the various conflicting holdings across the nation on this issue and concluded that vacatur ab initio on the death of the defendant was inappropriate. Although the Illinois Supreme Court in People v. Robinson, 187 Ill.2d 461, 719 N.E.2d 662, 241 Ill.Dec. 533 *463 (1999), reversed the judgment of the intermediate appellate court and vacated the convictions on the ground that caselaw from 1978[1] holding that all criminal proceedings abate ab initio when a defendant dies while an appeal is pending made any change in the law a legislative matter, the intermediate court's discussion about trends in the various states is instructive.
"In the face of such arguments, defendants' counsel can point only to the fact that a majority of courts continue to regularly abate proceedings ab initio. Research reveals that of the states that have addressed the issue, abatement ab initio continues to be the preferred disposition. Twenty-two states, including Illinois, as well as the District of Columbia, currently set aside the conviction as a matter of course. Only 14 states dismiss the appeal, leaving the conviction to stand. Eight states allow the appeal to continue by substitution for the defendant, but usually pursuant to court rule. It is clear from our review of the most recent cases, however, that the trend has been away from abating a deceased defendant's conviction ab initio. See e.g., State v. Hoxsie, 570 N.W.2d 379 ([S.D.] 1997); State v. Salazar, 123 N.M. 778, 945 P.2d 996 (1997); State v. Clements, 668 So.2d 980 ([Fla.] 1996); People v. Peters, 449 Mich. 515, 537 N.W.2d 160 (1995); Hawai`i v. Makaila, 79 Hawai'i 40, 897 P.2d 967 (1995) (allowing substitution on behalf of deceased defendant pursuant to rules of procedure); Perry v. Delaware, 575 A.2d 1154 (Del.1990). We expect this trend will continue as the courts and public begin to appreciate the callous impact such a procedure necessarily has on the surviving victims of violent crime. We note that at least one state legislature has acted to change the abatement rule in order to reverse what was perceived by many in that state to be an affront to victims' rights. An Act Preventing A Court from Vacating Certain Convictions Based on the Death of a Defendant, Mass. S.B. 1698, 181st Gen. Ct, 1997 Reg. Sess. (February 27, 1997); John Ellemen, Salvi's Record Wiped Clean, Posthumously; Charges Voided on Technicality, The Boston Globe, February 1, 1997, p. A1 (referring to abatement ab initio rule as being `the ultimate legal technicality' and quoting a murder victim's daughter as saying she was `outraged' by its application)."
298 Ill.App.3d at 873-74, 699 N.E.2d at 1091-92, 232 Ill.Dec. at 906 (emphasis added; footnotes omitted).[2] As we noted in Cook, supra, we were in that case dealing with a question of first impression and Cook is distinguishable on its facts. We therefore are not limited by the doctrine of stare decisis that animated the Illinois Supreme Court in rejecting the intermediate appellate court's reasoning in Robinson.
The rights of victims of crime have been recognized in the Alabama Constitution of 1901, Amend. No. 557. Subsection (a) of Amendment No. 557 states: "Crime victims, as defined by law or their lawful representatives, including the next of kin of homicide victims, are entitled to the right to be informed, to be present, and to be heard when authorized, at all crucial stages of criminal proceedings, to the extent that these rights do not interfere with the constitutional rights of the person accused of committing the crime." Extensive statutory protection is afforded victims *464 by § 15-23-1 et seq., Ala.Code 1975, the Alabama Crime Victims Compensation Act. We also recognize what the Illinois intermediate court described as "the callous impact [vacating a conviction ab initio] necessarily has on the surviving victims of violent crime." 298 Ill.App.3d at 873, 699 N.E.2d at 1091, 232 Ill.Dec. at 906.
We today choose a mean between the two extremes of assuming, on the one hand, that had the appeal not been dismissed because of the defendant's death, the conviction would have been reversed with instructions to enter a judgment of acquittal or, on the other hand, that had the appeal not been dismissed because of the defendant's death, the conviction would have been affirmed on appeal. We therefore hold that when a person convicted of a crime dies while an appeal is pending in the Court of Criminal Appeals and that court abates the appeal, pursuant to Rule 43(a), Ala. R.App. P., by reason of the death of that person, the Court of Criminal Appeals shall instruct the trial court to place in the record a notation stating that the fact of the defendant's conviction removed the presumption of the defendant's innocence, but that the conviction was appealed and it was neither affirmed nor reversed on appeal because the defendant died while the appeal of the conviction was pending and the appeal was dismissed.
We reverse the judgment of the Court of Criminal Appeals and remand the cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
NABERS, C.J., and HOUSTON, SEE, LYONS, BROWN, WOODALL, and STUART, JJ., concur.
HARWOOD, J., concurs in the result.
HARWOOD, Justice (concurring in the result).
I concur in the result. Rule 43(a), Ala. R.App. P., cited but not quoted in the main opinion, states: "Death of a Party. When the death of a party has been suggested, the proceeding shall not abate, but shall continue or be disposed of as the appellate court may direct." (Emphasis added.) Rule 43(a) was not applicable to the appeal from the municipal court to the circuit court for a trial de novo, the procedural posture of the case in Ex parte Estate of Cook, 848 So.2d 916 (Ala.2002). See Rule 1, Ala. R.App. P. As the Committee Comments to Rule 43 point out, that rule "is flexible in its application to permit [the] action to proceed in accordance with the court's direction on a case by case basis." I agree with the disposition directed for this appeal in the main opinion.
NOTES
[1] People v. Mazzone, 74 Ill.2d 44, 383 N.E.2d 947, 23 Ill.Dec. 76 (1978).
[2] For a more recent discussion of the issue presented here, see People v. Ekinici, 191 Misc.2d 510, 743 N.Y.S.2d 651 (N.Y.Sup.Ct. 2002).